(912 P.2d 772)

No. 72,966

STATE OF KANSAS, *Appellee*, v. DARYL J. CASTO, *Appellant*.

Opinion filed March 15, 1996.

*Thomas Jacquinot*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jan Matthew Oleen*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GERNON, P.J., GREEN, J., and PHILIP L. SIEVE, District Judge, assigned.

GREEN, J.: This sentence appeal involves a question of restitution. Daryl J. Casto pleaded guilty to misdemeanor theft, misdemeanor criminal damage to property, and criminal trespass. He was sentenced to consecutive 30-day terms for each count, 2 years'

probation for each count, and ordered to pay restitution. On appeal, he challenges the amount of restitution ordered for damage to a 1976 series 4030 John Deere tractor.

The tractor was taken from the farm of the victim, Lester McClintock. Later, the tractor was recovered from a local creek. McClintock had purchased the used tractor in 1989 for $9,750. McClintock received $9,900 ($10,000, less a $100 deductible) from his insurance company. This amount represented the full limit of his insurance policy for the tractor. McClintock repurchased the tractor from the insurance company for $3,000. He then paid $1,202.52 to repair the tractor.

At the hearing to determine the value of the tractor, Casto argued that restitution should include the $3,000 salvage value plus $1,202.52 for repairs. On the other hand, McClintock testified that the tractor was worth $14,000 before it was damaged. In addition, Dennis Buchman, a farm equipment dealer, testified that the tractor was in excellent condition before it was damaged. He further stated that he could have sold the tractor for $14,250 before it was damaged. He offered no estimate as to what the tractor was worth after the repairs had been made.

In determining the amount of restitution, the trial court added the insurance payment of $9,900, the salvage amount of $3,000, and the repair costs of $1,202.52. Those amounts totaled $14,102.52. The trial court later subtracted the salvage value of $3,000 from that amount, which left a total of $11,102.52.

As a condition of probation, K.S.A. 21-4610(d)(1) requires that a trial court order that the defendant "[m]ake reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court."

A sentencing court has substantial discretion when ordering the amount of restitution. *State v. Hinckley*, 13 Kan App. 2d 417, 418, 777 P.2d 857 (1989). Moreover, the method of determining the amount of restitution is a matter within the discretion of the trial court. *State v. Wells*, 18 Kan. App. 2d 735, 737, 861 P.2d 828 (1993). Judicial discretion is abused only where no reasonable per-

son would take the view adopted by the court. *State v. Massey*, 242 Kan. 252, 264, 747 P.2d 802 (1987).

Casto points out that McClintock purchased the tractor used for $9,750 in 1989. He argues that the tractor logically depreciated in value and cannot now be worth $14,000. However, Terry Winsky, a defense witness, agreed with the testimony of the earlier witnesses and stated that such a tractor could conceivably appreciate in value. Casto further asserts that the amount of restitution ordered is excessive in light of his misdemeanor crimes. He argues that the trial court failed to establish a reasonable present value for the tractor.

We find no Kansas case which provides a formula for determining restitution in criminal cases. Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure. A victim of a property crime is entitled to restitution only up to the amount of his or her loss. *State v. Hinckley*, 13 Kan. App. 2d at 419.

Here, the trial court's restitution amount is not defensible because it fails to consider the value of the tractor after repairs were made. Did the repairs return the tractor to its former condition before it was damaged? If the tractor was restored to its previous undamaged condition, the appropriate restitution amount would have been: (1) the reasonable cost of repairs plus (2) the reasonable amount necessary to compensate for the loss of use of the tractor while being repaired.

If the tractor could not be restored to its previous undamaged condition, the appropriate restitution amount would have been the difference between the tractor's reasonable market value immediately before it was damaged and the reasonable market value of the tractor after the damage.

In both situations, the restitution amount should not exceed the reasonable market value of the tractor immediately before the damage.

Reversed and remanded with directions.