(163 P.3d 325)
No. 96,274

STATE OF KANSAS, *Appellee*, v. JULIAN L. BRYANT, *Appellant*.

Opinion filed June 8, 2007.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and LARSON, S.J.

MALONE, J.: Julian L. Bryant appeals the district court's order requiring him to pay restitution. Bryant claims the district court lacked jurisdiction to order restitution because the district court failed to hold a restitution hearing before imposing sentence as required by K.S.A. 22-3424(d). In the alternative, Bryant claims the district court lacked jurisdiction to order restitution because the amount of the restitution was not determined within 30 days of sentencing as initially ordered by the court. We hold the procedure set forth in K.S.A. 22-3424(d) is directory rather than mandatory and, thus, the district court retained jurisdiction to determine the amount of Bryant's restitution after sentencing. We further conclude the district court did not abuse its discretion in allowing the State more than 30 days from sentencing to determine the amount of Bryant's restitution.

On April 11, 2005, Bryant pled no contest to one count of aggravated robbery and pled guilty to seven counts of theft, one count of aggravated burglary, two counts of forgery, and one count of burglary, in three consolidated cases. On June 1, 2005, the district court sentenced Bryant to a controlling term of 48 months' imprisonment. At the sentencing hearing, immediately after the district court imposed the term of Bryant's sentence, the court started to announce a restitution order based on the information the court had been provided at the hearing. However, the State interrupted the court and requested a 30-day extension of time to determine the proper amount of restitution. The district court granted the extension and stated it was giving the parties 30 days to reach an agreement on restitution, and if the parties could not agree, then the court would schedule a hearing to determine the amount of restitution. Defense counsel did not object to this procedure. The journal entries of sentencing filed by the district court stated: "The Court finds that restitution is owed in this case in an amount to be determined within 30 days, and advises the Kansas Parole Board that restitution should be made a condition of defendant's post release supervision."

On September 30, 2005, nearly 4 months after the sentencing, the State filed a motion to schedule a restitution hearing. The mo-

tion stated that Bryant's original attorney had left the public defender's office and the assistant district attorney, who had appeared at Bryant's sentencing hearing, went on an extended medical leave soon after the sentencing. The motion also indicated the State had sent a proposed restitution order to the public defender's office on September 6, 2005, but the public defender's office did not agree to the order.

The district court held a scheduling hearing on October 12, 2005. At the hearing, Bryant's counsel noted that the time was beyond the 30-day extension initially granted by the court to determine restitution. The district court decided to set the matter for an evidentiary hearing but allowed Bryant to file with the court any legal authority to support his position that it was too late for the court to determine restitution.

The district court held an evidentiary hearing on December 7, 2005. Several witnesses testified for the State, and both parties offered exhibits concerning the proper amount of restitution. At the close of the evidence, the district court noted it had not received anything from defense counsel concerning whether the court had authority to determine the amount of restitution at that time. In the absence of any legal authority to the contrary, the district court found it was authorized to determine the amount of restitution. The district court entered an order establishing restitution in the total amount of $11,155.56 payable to several different victims. Bryant timely appeals.

On appeal, Bryant does not contest the reasonableness of the amount of restitution ordered by the district court. Instead, Bryant claims the district court lacked jurisdiction to order restitution because the district court failed to hold a restitution hearing before imposing sentence as required by K.S.A. 22-3424(d). In the alternative, Bryant claims the district court lacked jurisdiction to order restitution because the amount of the restitution was not determined within 30 days of sentencing as initially ordered by the court.

Whether jurisdiction exists is a question of law over which this court has unlimited review. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). Furthermore, the interpretation of a statute is a question of law over which this court has

unlimited review. An appellate court is not bound by the district court's interpretation of a statute. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

K.S.A. 2006 Supp. 21-4603d(e) authorizes a district court to specify an amount of restitution when the defendant is committed to the custody of the Secretary of Corrections or to jail. This statute provides in part:

"If the court commits the defendant to the custody of the secretary of corrections or to jail, the court may specify in its order the amount of restitution to be paid and the person to whom it shall be paid if restitution is later ordered as a condition of parole, conditional release or postrelease supervision."

This statute states nothing about when a restitution hearing should be conducted, or for that matter, whether a hearing is required in the first place. K.S.A. 2006 Supp. 21-4610(d)(1) provides that the district court can order a defendant to pay restitution as a condition of probation "in an amount and manner determined by the court . . . ." However, Bryant did not receive probation, so 21-4610(d)(1) is inapplicable to his case.

We will consider Bryant's claims in reverse order because his alternative claim is subject to controlling precedent, while his claim concerning K.S.A. 22-3424(d) raises an issue of first impression. Bryant claims the district court lacked jurisdiction to order restitution because the amount of the restitution was not determined within 30 days of sentencing as initially ordered by the court. This argument has been previously addressed by the Kansas Supreme Court in *State v. Cooper*, 267 Kan. 15, 977 P.2d 960 (1999). In *Cooper*, the district court sentenced the defendant to 2 years' probation, and the State gave notice it would request restitution. The State did not provide a specific restitution amount at the time of sentencing but informed the district court that it would furnish the necessary documentation within 30 days. The district court ordered the defendant to pay restitution, " 'with that amount to be determined within 30 days.' " 267 Kan. at 16. The district court further ordered the State to furnish defense counsel with documentation supporting restitution, and if the parties could not agree, the court would hold a formal hearing to determine the restitution amount.

Three days after sentencing, the State received documentation supporting restitution from the crime victim, but the State failed to furnish defense counsel with the documents. Nearly 6 months later, the State filed a motion requesting the district court to determine the amount of restitution. The defendant objected on the ground the motion was untimely. The district court overruled the defendant's objection, and after hearing statements from counsel and reviewing the documentation, the district court ordered the defendant to pay $2,500 in restitution.

On appeal, the Kansas Supreme Court held the district court's restitution award was proper despite the delay in determining the amount. The court reasoned that the judge did not know the exact amount of restitution at the time of sentencing but specifically retained jurisdiction to set the amount later. The defendant had been placed on notice at sentencing that he would be required to pay restitution. Even though the restitution amount was not determined within 30 days as initially ordered by the district court, the Supreme Court concluded it was within the district court's discretion to grant additional time to settle the restitution issue. 267 Kan. at 18.

Here, there were legitimate reasons explaining the State's delay in securing a restitution order, namely, the prosecutor's medical leave and the fact that Bryant's original attorney had left the public defender's office shortly after sentencing. Bryant had been placed on notice at sentencing that he would be required to pay restitution. Although the precise amount of restitution was not determined until 6 months after sentencing, Bryant suffered no prejudice from the delayed determination. Following the precedent established in *Cooper*, we conclude the district court did not abuse its discretion in allowing the State more than 30 days from sentencing to determine the amount of Bryant's restitution.

However, Bryant makes an additional argument that was not raised in *Cooper*. According to Bryant, K.S.A. 22-3424(d) requires the district court to hold a hearing to establish restitution *before* imposing sentence. K.S.A. 22-3424(d) states in part: "If the verdict or finding is guilty, upon request of the victim or the victim's family *and before imposing sentence*, the court shall hold a hearing to

establish restitution. The defendant may waive the right to the hearing and accept the amount of restitution as ordered by the court." (Emphasis added.) Bryant claims the district court lacked jurisdiction to order restitution because it failed to comply with K.S.A. 22-3424(d).

K.S.A. 22-3424 generally sets forth the procedure for a district court to follow at sentencing. Here, there was never a request by either the victim or the victim's family for a hearing to establish restitution. However, the prosecutor requested a 30-day extension of time to determine the proper amount of restitution, and presumably this request was made on the victim's behalf. Bryant did not object at sentencing to the 30-day extension of time to determine restitution. K.S.A. 22-3424(d) allows the defendant to waive the right to a hearing and accept the amount of restitution as ordered by the court. However, Bryant is not contesting the amount of restitution ordered by the district court; rather, he is contesting the district court's jurisdiction to order any restitution after the sentencing. Furthermore, an objection based on lack of subject matter jurisdiction may be raised at any time, whether it be for the first time on appeal or even upon the appellate court's own motion. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005). Thus, we do not believe that Bryant has waived his jurisdiction argument based upon his failure to object to the procedure in district court.

Neither party has cited any published decisions addressing whether K.S.A. 22-3424(d) requires the district court to hold a restitution hearing before imposing sentence. However, pursuant to Supreme Court Rule 7.04(f)(2)(ii) (2006 Kan. Ct. R. Annot. 50), the State has furnished this court with a copy of *State v. Kopetzky*, Court of Appeals Case No. 86,097, unpublished opinion filed December 7, 2001. In *Kopetzky*, the defendant was sentenced on October 2, 2000, at which time the State reminded the district court there was an outstanding claim for restitution. The district court indicated that if the parties had a problem fixing the amount of restitution, they should inform the court within 30 days. On October 5, 2000, the State filed a motion to fix restitution, and on October 20, 2000, the district court held a hearing and ordered the

defendant to pay restitution. A journal entry establishing restitution was filed on November 1, 2000.

On appeal, the defendant argued that K.S.A. 22-3424(d) requires the district court to hold a restitution hearing before imposing sentence. Thus, the defendant claimed the district court lacked jurisdiction to enter a restitution order after the defendant had been sentenced. However, relying heavily on *Cooper*, this court rejected the defendant's argument and expressly concluded that K.S.A. 22-3424(d) is not jurisdictional. Slip op. at 4-5.

We believe the appropriate resolution of this issue depends upon whether the procedure set forth in K.S.A. 22-3424(d) is considered mandatory or directory. In *State v. Deavers*, 252 Kan. 149, Syl. ¶ 5, 843 P.2d 695 (1992), *cert. denied* 508 U.S. 978 (1993), the court stated:

> "In determining whether a legislative provision is mandatory or directory, it is a general rule that where strict compliance with the provision is essential to the preservation of the rights of parties affected and to the validity of the proceeding, the provision is mandatory, but where the provision fixes a mode of proceeding and a time within which an official act is to be done, and is intended to secure order, system, and dispatch of the public business, the provision is directory. Factors which would indicate that the provisions of a statute or ordinance are mandatory are: (1) the presence of negative words requiring that an act shall be done in no other manner or at no other time than that designated, or (2) a provision for a penalty or other consequence of noncompliance."

If the procedure set forth in K.S.A. 22-3424(d) is considered mandatory, then strict compliance with the statute is necessary and the provision requiring the district court to hold a restitution hearing before imposing sentence is jurisdictional. However, if the statutory provision is considered directory rather than mandatory, then Bryant must show that he was prejudiced by the delay in determining the amount of restitution in order for this court to vacate the restitution award.

We hold the procedure set forth in K.S.A. 22-3424(d) is directory rather than mandatory. The provision that the district court shall hold a restitution hearing before imposing sentence is not essential to the preservation of the rights of the parties. Instead, the provision fixes a mode of proceeding and a time within which

an official act may be accomplished, and accordingly the provision is directory. As long as the defendant is notified at sentencing that restitution is being ordered by the district court in an amount to be determined at a later time, then the purpose of the statute has been satisfied. The statute does not contain negative language prohibiting the district court from determining the amount of restitution in another manner or at another time. Furthermore, there is no provision in the statute for a penalty or other consequence of noncompliance.

Bryant is unable to show how he was prejudiced by the district court holding the restitution hearing after Bryant's sentence was imposed. Bryant had been placed on notice at sentencing that he would be required to pay restitution. Bryant was free to present whatever evidence he considered relevant to the issue of restitution and, in fact, Bryant offered exhibits to the district court at the evidentiary hearing. Bryant does not contest the reasonableness of the amount of restitution ultimately ordered by the district court. Accordingly, we reject Bryant's claim that the restitution award must be vacated because the district court failed to comply with K.S.A. 22-3424(d).

In summary, the procedure set forth in K.S.A. 22-3424(d) is directory rather than mandatory. The district court in Bryant's case did not lack jurisdiction to order restitution because it failed to hold a restitution hearing before imposing sentence. Furthermore, the district court retained jurisdiction when it initially ordered restitution to be established within 30 days of sentencing, and the district court acted within its discretion in subsequently allowing the State more than 30 days to determine the amount of Bryant's restitution.

Affirmed.