(253 P.3d 372)
No. 103,216

STATE OF KANSAS, *Appellee*, v. GABRIEL PHILLIPS, *Appellant*.

Opinion filed April 22, 2011.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Steve Six*, attorney general, for appellee.

Before GREENE, C.J., PIERRON and ARNOLD-BURGER, JJ.

PIERRON, J.: Gabriel Phillips pled no contest to one count of felony theft in violation of K.S.A. 21-3701(a)(4), a severity level 9 nonperson felony. He received a 6-month prison term but was granted 6 months' probation in lieu of his prison term. At sentencing, the district court retained jurisdiction to set the amount of restitution at a future hearing. Approximately 6 months later, Phillips was ordered to pay restitution in the amount of $19,127.36. Phillips appeals the order of restitution.

Phillips' presentence investigation report included the statement of loss by the victim, Doug Stephens, estimates of repair, an invoice from the original purchase of the three dirt bikes, invoices documenting the costs for obtaining new vehicle identification numbers (VIN) from the Kansas Highway Patrol, and a bill of sale for the three new dirt bikes Stephens purchased during the time that the stolen bikes were missing.

At sentencing, the prosecutor stated that the amount of restitution was contested and a restitution hearing should be set within the next 30 days. Phillips agreed. The district court granted the State's request and stated it would set the case for an evidentiary hearing on the amount of restitution. Additionally, Phillips filed a

written objection to the amount of restitution proposed by the State and requested a hearing.

While waiting for the evidentiary hearing on restitution, the State filed a motion to revoke Phillips' probation. On August 17, 2009, the district court held a motions hearing on both the probation revocation and the restitution hearing. Phillips stipulated to the alleged probation violations and the district court reinstated his probation, extending it by an additional 12 months.

At the evidentiary hearing regarding restitution, the State submitted the itemized statements supporting its claim of restitution. Phillips objected to the requested amount of restitution, arguing that the amount requested to repair the dirt bikes was more than the value of the bikes according to National Automobile Dealers Association (NADA) guidelines. Phillips submitted two exhibits with information regarding the value of the bikes according to NADA guidelines. Defendant's Exhibit A showed the retail value on two of the bikes to be between $3,000 and $3,750, with a suggested list price of $6,099. Defendant's Exhibit B shows the retail value on the other bike to be between $3,040 and $3,800, with a suggested list price of $6,449. Phillips contended the amount of restitution requested by the State was "a ridiculous amount of money" for used bikes and noted that (1) the State had not presented anyone to testify regarding the damage to the bikes or about the repair orders; and (2) the bikes had been returned to the Stephens. Phillips argued the court should use NADA values to determine fair market value.

Stephens testified that even though the bikes were over a year old and had been used, they were like brand new when they were stolen. He testified that when the bikes were returned, they could hardly be driven because they were so "torn up." Stephens testified, "The spokes were broke off. The handle grips were broke off. The brake and clutch control were taken off one bike and put on another bike. The Suzukis were put on the Hondas, and it was unreal how they were tore up when I had them like brand new."

Stephens testified that because the bikes had been stolen just prior to a family vacation where they had planned to use the bikes, he chose to buy three replacement dirt bikes for approximately

$17,000. Stephens incurred travel expenses in trying to locate new bikes to purchase. He testified that "you can't get them anymore. They are a thing of the past." Stephens testified the bikes were missing for 12 days, had been returned, and were currently in his possession. At the time of the hearing, Stephens had not yet had the bikes repaired.

Stephens submitted invoices regarding the estimated cost of the repairs to restore the returned bikes to "showroom new" condition, charges for performing the damage estimates, cost of replacement of the VIN numbers that were scratched off the bikes, and $500 in travel costs incurred during his search for the replacement bikes. Stephens also submitted invoices from his original purchase of the bikes as well as invoices to show how much he paid to acquire the replacement bikes. In total, the State requested restitution in the amount of $19,127.36.

Approximately 6 months after sentence was imposed, the district court ordered Phillips to pay restitution in the requested amount of $19,127.36. The judge stated:

"[T]his man is entitle[d] to be placed in the same position that he was on the day that they were taken, and, and this amount doesn't even—this does not take into consideration the trouble and the inconvenience that he has been put to just get back to where he was, so some guy can come out and steal three motorcycles. I mean, he's entitled to be placed—and this isn't going to put him [in] the same position. I don't think he will ever get this. But that's the amount I've assessed and I base it on the attachments that are filed in the PSI and the testimony of both [sic] witnesses who have testified here today."

Phillips first argues the district court did not have jurisdiction to order restitution after the date of sentencing, contending restitution is a part of the sentence and cannot be ordered or modified after the court has imposed a lawful sentence.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009).

Phillips claims that K.S.A. 2010 Supp. 22-3424(d) deprives the district court of retaining jurisdiction over restitution after a lawful sentence has been imposed. K.S.A. 2010 Supp. 22-3424(d) provides: "If the verdict or finding is guilty, upon request of the victim

or the victim's family and *before imposing sentence*, the court shall hold a hearing to establish restitution." (Emphasis added.)

Despite the statutory language that a restitution hearing should take place before imposing sentence, the Kansas Supreme Court and the Kansas Court of Appeals have allowed sentencing courts to reserve restitution issues for a later determination after sentence has been imposed. See *State v. Cooper*, 267 Kan. 15, 18, 977 P.2d 960 (1999); *State v. Bryant*, 37 Kan. App. 2d 924, Syl. ¶. 4, 163 P.3d 325, *rev. denied* 285 Kan. 1175 (2007); *State v. Hall*, 45 Kan. App. 2d 290, 247 P.3d 1050 (2011) *pet. rev.* filed March 14, 2011; *State v. Hall*, No. 102,495, unpublished opinion filed December 23, 2010, *pet. rev.* filed January 20, 2011; *State v. Lewis*, No. 101,127, unpublished opinion filed June 18, 2010, *pet. rev.* filed July 16, 2010; *State v. Pattillo*, No. 102,525, unpublished opinion filed April 22, 2010, *pet. rev.* filed May 24, 2010; *State v. Quintana*, No. 98,157, unpublished opinion filed March 6, 2009, *rev. denied* 289 Kan. 1284 (2009).

The *Bryant* court rejected the argument that the district court did not have jurisdiction to impose restitution since it was not imposed at the time of sentencing. 37 Kan. App. 2d at 931. At the time of sentencing, the State requested the district court to retain jurisdiction on the issue of restitution for 30 days. However, the restitution hearing did not occur until about 6 months after the sentencing date. The *Bryant* court held that the defendant was not prejudiced by the delay. 37 Kan. App. 2d at 931. In affirming the district court's order of restitution, the *Bryant* found the language of 22-3424(d)—outlining that the restitution hearing should occur prior to sentencing—is directory rather than mandatory. See 37 Kan. App. 2d at 930-31. The court stated:

"The provision that the district court shall hold a restitution hearing before imposing sentence is not essential to the preservation of the rights of the parties. Instead, the provision fixes a mode of proceeding and a time within which an official act may be accomplished, and accordingly the provision is directory. As long as the defendant is notified at sentencing that restitution is being ordered by the district court in an amount to be determined at a later time, then the purpose of the statute has been satisfied." 37 Kan. App. 2d at 930-31.

Accordingly, the *Bryant* court found the appropriate inquiry to be whether a defendant "was prejudiced by the delay in determining

the amount of restitution in order for this court to vacate the restitution award." 37 Kan. App. 2d at 930.

In *Cooper*, the Kansas Supreme Court held that a sentencing court may reserve restitution issues for later determination after the date of sentencing. 267 Kan. at 18. The State announced at sentencing that it intended to seek restitution but did not yet have the supporting documentation to request a specific amount. The district court ordered restitution, but it gave the State 30 days to request the amount. Nearly 6 months later, the court held a hearing and ordered the defendant to pay a portion of the requested restitution. The Court of Appeals reversed the order of restitution since it had occurred more than 120 days after sentencing. However, the Kansas Supreme Court disagreed, concluding the defendant had notice at sentencing that he would be ordered to pay restitution. Thus, the *Cooper* court concluded that the district court's restitution procedure was within its "substantial discretion when ordering reparation or restitution. [Citation omitted.]" 267 Kan. at 18.

Phillips suggests that recent caselaw has called the holding in *Cooper* into question. See *State v. Trostle*, 41 Kan. App. 2d 98, Syl. ¶ 5, 201 P.3d 724 (2009) (holding the district court could not reserve jurisdiction to entertain a motion for alternative sentencing after 9 months); see also *State v. Anthony*, 274 Kan. 998, 1001-02, 58 P.3d 742 (2002) (upholding the district court's dismissal of a motion to modify sentence based on lack of jurisdiction).

In *State v. McDaniel*, No. 101,634, unpublished opinion filed October 2, 2009, *rev. granted* March 31, 2010, the Court of Appeals rejected a similar argument, noting that *Trostle* and *Anthony* are distinguishable because both involved the length of a sentence rather than the issue of restitution. However, the Kansas Supreme Court has granted review in *McDaniel*.

As of this date, *Cooper* remains the controlling precedent. We are duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Merrills*, 37 Kan. App. 2d 81, 83, 149 P.3d 869, *rev. denied* 284 Kan. 949 (2007).

Here, Phillips was informed at sentencing that he would be responsible for restitution, with an evidentiary hearing to be held at a later date. Phillips did not object to the delay in the imposition of restitution. Approximately 6 months later, the district court ordered Phillips to pay restitution in the amount of $19,127.36. Phillips did not object, nor was he prejudiced, by the district court's decision to award restitution after his sentence was imposed. Based on *Cooper* and *Bryant*, the district court's order of restitution is affirmed.

Phillips also asserts the district court erroneously ordered him to pay restitution costs based primarily on the cost of the estimated repairs to the bikes rather than the fair market value of the bikes. Phillips contends the award of restitution resulted in a windfall for the victim.

"An appellate court's review of a restitution order can involve three standards of review. Issues regarding the amount of restitution and the manner in which it is to be made to the aggrieved party are normally subject to review under an abuse of discretion standard. [Citation omitted.] However, a district judge's factual finding of causation between the crime and the victim's loss is subject to a substantial competent evidence standard of review. [Citation omitted.] Finally, this court has unlimited review over the district court's interpretation of statutes. [Citation omitted.]" *State v. Dexter*, 276 Kan. 909, 912-13, 80 P.3d 1125 (2003).

At sentencing, the State requested restitution in the amount of $19,127.36. This figure included the cost of the estimated repairs to restore the bikes to "showroom new" condition (total of $18,396.45), charges for performing the damage estimates ($66.97 times three), the VIN replacement fees ($10 times three), and travel expenses to purchase new bikes ($500). In support of its request, the State presented invoices detailing the repair estimates, invoices for the VIN replacement costs, and testimony regarding Stephens travel expenses to acquire new bikes. Phillips objected to the amount of restitution, arguing that the court should use the NADA values to determine the fair market value of the bikes. The district court ordered $19,127.36 in restitution, concluding that Stephens should be returned to the same position he was in before the bikes were taken.

Restitution as a condition of probation falls under K.S.A. 21-4610(d)(1). Although K.S.A. 21-4610(d)(1) makes restitution a mandatory condition of probation, the statute also acts to restrict the scope of permissible restitution orders and limits the generally broad grant of authority given to the district court. See *State v. Hunziker*, 274 Kan. 655, 659-60, 56 P.3d 202 (2002). The rigidity with respect to proof of value in a civil damage suit does not apply in a criminal setting; but the district court's determination of restitution must be based on reliable evidence yielding a "defensible restitution figure." *State v. Castro*, 22 Kan. App. 2d 152, 154, 912 P.2d 772 (1996).

The appropriate amount of restitution is the amount required to reimburse the victim for the actual loss suffered. *Hunziker*, 274 Kan. at 664. If damaged property can be restored to its previous undamaged condition, the measure of restitution is the reasonable cost of repairs plus the reasonable amount necessary to compensate the victim for loss of its use. *Castro*, 22 Kan. App. 2d at 154. However, Kansas courts have consistently restricted an award of restitution to the fair market value of the property and accordingly held that an award of restitution exceeding the fair market value constitutes an abuse of discretion. See *Hunziker*, 274 Kan. at 664 (holding that because the district court awarded restitution based on the fair market value of the backhoe, an additional amount for touch-up paint should not have been compensated); *State v. Baxter*, 34 Kan. App. 2d 364, 366-67, 118 P.3d 1291 (2005) (reversing restitution order valuing a scaffold based on replacement cost rather than fair market value); *State v. Rhodes*, 31 Kan. App. 2d 1040, 1042-43, 77 P.3d 502 (2003) (reversing restitution order where the value of various household items was based on replacement cost rather than fair market value); *Castro*, 22 Kan. App. 2d at 154 (holding the restitution amount should not exceed the reasonable market value of the tractor immediately before the damage); *State v. Hinckley*, 13 Kan. App. 2d 417, 419, 777 P.2d 857 (1989) (reversing restitution amount based on the replacement costs of the stolen property rather than the value of the property at the time it was stolen); *State v. Frye-Watson*, No. 100,772, unpublished opinion filed February 19, 2010, *rev. denied* 290 Kan.

1098 (2010) (restitution award for the damage to the car was not reliable without factual evidence supporting the fair market value of the property).

A victim of a property crime is entitled to restitution only up to the amount of his or her actual loss. *Hunziker*, 274 Kan. 664. The proper measure of restitution in a theft case is the fair market value of the property at the time it was taken rather than replacement cost. Where there is no easily ascertainable fair market value, the district court may consider other factors including the purchase price, condition, age, and replacement cost of the property so long as the valuation "is based on reliable evidence which yields a defensible restitution figure." *State v. Maloney*, 36 Kan. App. 2d 711, 715, 143 P.3d 417, *rev. denied* 282 Kan. 794 (2006). Fair market value is "the price that a willing seller and a willing buyer would agree upon . . . in an arm's-length transaction." *Baxter*, 34 Kan. App. 2d at 366.

If property is recovered in a damaged condition and can be repaired to its undamaged condition, the measure of restitution is the reasonable cost of repairs plus a reasonable amount for loss of use of the property while repairs are made. Where the property cannot be repaired, then the amount of restitution is the difference between the fair market value of the property immediately before it was damaged and the fair market value after it was damaged. However, in either situation, "the restitution amount should not exceed the reasonable market value . . . immediately before the damage." *Casto*, 22 Kan. App. 2d at 154.

The State failed to introduce evidence of the fair market value of the bikes. The estimated cost of repairing the bikes was $18,396.45. In 2007, Stephens purchased the three bikes for a total of $18,640.16. After the theft, the victim purchased three same or similar bikes for a total of $16,526.44. Instead of basing the restitution order on the fair market value of the property, the district court ordered Phillips to pay restitution based primarily on the cost to repair the bikes to "showroom new" condition. This order of restitution is not supported by the facts or the law. The district court did not make a finding regarding the fair market value of the bikes. The only evidence presented regarding the fair market value

of the bikes was presented by Phillips. However, it is clear that the cost of repairs to restore the bikes to "showroom new" condition exceeded the fair market value of the bikes.

Accordingly, the award of restitution must be reversed and the amount of restitution is vacated. The case is remanded to the district court with directions to make a factual determination regarding the fair market value of the bikes. Although Phillips presented evidence of a range in value for the bikes according to NADA, the fair market value is not readily ascertainable from the current record on appeal. After making a factual determination regarding fair market value, the district court should determine an amount of restitution that does not exceed the fair market value of the bikes.

Affirmed in part, reversed in part, and remanded with directions.