NOT DESIGNATED FOR PUBLICATION

No. 115,523

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRADLEY SCHAFER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed July 21, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and GARDNER, JJ.

POWELL, J.: Bradley Schafer appeals the district court's restitution order, contending there was insufficient evidence to support it, and challenges his criminal history score, arguing use of his prior juvenile adjudications to calculate that score was improper. Because the district court's restitution amount exceeds the fair market value of the stolen property, we must vacate that order and remand for further proceedings. We affirm the district court in all other respects.

1

FACTUAL AND PROCEDURAL BACKGROUND

In October 2015, Schafer pled guilty to one count of possession of stolen property. The stolen property Schafer possessed was a dirt bike. The district court sentenced Schafer to 17 months in prison but granted him 12 months' probation. The State also sought $3,500 in restitution based on the victim's request. Schafer objected, arguing that the amount should be less because the dirt bike was returned. The district court awarded the full $3,500.

Schafer then filed a motion to correct an illegal restitution order. At the hearing on the motion, Schafer argued he should have only been ordered to pay $2,500 in restitution, the difference between the dirt bike's current worth and its original worth. Evidence was presented that the dirt bike was originally worth $3,500 but its value dropped to only $1,000 when it was returned, the victim spent $405 in repair costs, and the victim was without the bike for 8 days. Assuming the victim probably also spent $400 to $500 in labor costs, the district court determined that $3,500 was a reasonable restitution amount and denied Schafer's motion.

Schafer timely appeals.

DID THE DISTRICT COURT ERR IN DETERMINING THE AMOUNT OF RESTITUTION SCHAFER WAS ORDERED TO PAY?

"'Questions concerning the "amount of restitution and the manner in which it is made to the aggrieved party" are reviewed under an abuse of discretion standard. [Citation omitted.] A district court's factual findings relating to the causal link between the crime committed and the victim's loss will be affirmed if those findings are supported by substantial competent evidence. Finally, appellate courts have unlimited review over legal questions involving the interpretation of the underlying statutes.'" *State v. Shank*,

304 Kan. 89, 93, 369 P.3d 322 (2016) (quoting *State v. King*, 288 Kan. 333, 354-55, 204 P.3d 585 [2009]).

Judicial discretion is abused if the court's order was unreasonable, based on a legal error, or based on a factual error. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). "'Substantial competent evidence is legal and relevant evidence a reasonable person could accept to support a conclusion.' [Citation omitted.]" *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

K.S.A. 2016 Supp. 21-6604(b)(1) states that a district court "shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." While the rigidity of proof required in a criminal case is not required in a civil damage trial, the district court must base its determination of restitution "on reliable evidence which yields a defensible restitution figure." *State v. Casto*, 22 Kan. App. 2d 152, 154, 912 P.2d 772 (1996). Kansas courts have consistently limited restitution to the fair market value of the property and held that an amount above fair market value is an abuse of discretion. See *State v. Phillips*, 45 Kan. App. 2d 788, 794, 253 P.3d 372 (2011) (citing a string of cases).

"If property is recovered in a damaged condition and can be repaired to its undamaged condition, the measure of restitution is the reasonable cost of repairs plus a reasonable amount for loss of use of the property while repairs are made. Where the property cannot be repaired, then the amount of restitution is the difference between the fair market value of the property immediately before it was damaged and the fair market value after it was damaged. However, in either situation, 'the restitution amount should not exceed the reasonable market value . . . immediately before the damage.' [Citation omitted.]" 45 Kan. App. 2d at 795.

Schafer argues that the district court's restitution determination lacked evidentiary support because the only evidence presented was that the dirt bike was now worth $1,000, that it was originally worth $3,500, and that the amount spent on repairs was $405. We must agree with Schafer based upon the record before us. No evidence regarding labor costs, or even if there were labor costs, was presented. The district court just assumed that in addition to the repair costs there must have been labor costs. While the State argues the district court's restitution determination was reasonable because the victim also spent time and effort trying to find the dirt bike, the total restitution amount may not exceed the reasonable market value of the dirt bike before it was stolen. See 45 Kan. App. 2d at 795. Because the district court awarded $3,500 in restitution even though the dirt bike, albeit now worth only $1,000, was returned, the restitution amount was essentially $1,000 above the fair market value of the bike. Accordingly, the district court abused its discretion, and we must vacate its restitution order. The issue of the restitution amount is remanded to the district court for recalculation consistent with our opinion.

DID THE DISTRICT COURT IMPOSE AN ILLEGAL SENTENCE?

Schafer also claims his sentence was illegal because the district court used his previous juvenile adjudications to raise his criminal history score, which increased his sentence, without proving the adjudications to a jury beyond a reasonable doubt in violation of his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Although Schafer did not object to his criminal history score, an illegal sentence can be challenged at any time. See *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

The revised Kansas Sentencing Guidelines Act requires the inclusion of juvenile adjudications which have not decayed in calculating a defendant's criminal history score. K.S.A. 2016 Supp. 21-6810(a). Moreover, our Supreme Court has specifically held that using prior juvenile adjudications to calculate a defendant's criminal history score does

4

not violate *Apprendi. State v. Hitt*, 273 Kan. 224, Syl. ¶ 2, 42 P.3d 732 (2002), *cert. denied* 537 U.S. 1104 (2003). Therefore, contrary to Schafer's argument, the district court did not err in sentencing Schafer and the sentence was not illegal.

Affirmed in part, vacated in part, and remanded with directions.