NOT DESIGNATED FOR PUBLICATION

No. 124,561

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KIMBERLY D. GOERTZEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed January 20, 2023. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, deputy district attorney, *Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ISHERWOOD, P.J., ATCHESON, J., and TIMOTHY G. LAHEY, S.J.

PER CURIAM: Following an evidentiary hearing, the district court ordered Kimberly D. Goertzen to pay $3,567.95 in restitution for damages caused in the commission of two burglaries. She challenges the amount of restitution for two reasons. First, she contends the State is required to introduce evidence of the market value of the damaged property before restitution can be ordered. Second, Goertzen claims the statutory restitution scheme in Kansas violates her right to jury trial. We find no merit in either contention and affirm the restitution ordered by the district court.

FACTUAL AND PROCEDURAL BACKGROUND

Goertzen pled no contest to two counts of burglary in violation of K.S.A. 2019 Supp. 21-5807. With a criminal history score B, Goertzen was sentenced to 29 months in prison. The burglaries were committed by Goertzen and a codefendant at a storage unit facility owned by John Ingalls. Goertzen rented a storage unit, then used that unit to access and burglarize other storage units. To access the other storage units, Goertzen removed portions of the dividing walls, which were made of sheet metal attached to steel studs with rivets. Goertzen damaged several storage units, including all three walls of the unit she rented, and caused damage to the electrical wiring in the units.

The State requested restitution of $3,567.95 for damage caused to Ingalls' storage units in the burglaries. Neither of the burglary victims whose property was taken sought restitution. Goertzen objected to the restitution amount, so an evidentiary hearing was scheduled.

At the restitution hearing, Ingalls testified that Goertzen (together with her co-defendant) damaged 12 or more of the surrounding storage units. Ingalls obtained a repair estimate in the amount of $3,138.54 from the company that originally built the storage units. The structural repairs were not complete at the time of the restitution hearing, and Ingalls noted he had paid approximately $1,000 toward the repairs to date. Ingalls also testified he paid an electrician $429.41 to repair damage to the electrical service in the units. Goertzen disputed the State's restitution request, arguing that the electrical repair bill and amount Goertzen had paid to date might be appropriate, but she contended the remaining $2,316.46 of the estimate seemed inflated. The trial court imposed all of the restitution requested, and Goertzen timely appeals.

2

Goertzen's sole challenge is over the amount of restitution ordered. She first argues that the trial court erred by awarding restitution based on the cost of repairs without first determining the fair market value of the storage units before they were damaged. Appellate courts review the "'amount of restitution and the manner in which it is made to the aggrieved party'" for abuse of discretion. *State v. Martin*, 308 Kan. 1343, 1349, 429 P.3d 896 (2018).

> "An abuse of discretion occurs when judicial action is (1) arbitrary, fanciful, or unreasonable, i.e., no reasonable person would take the view adopted by the trial court; (2) based on an error of law, i.e., the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, i.e., substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. [Citation omitted.]" *State v. Jarmon*, 308 Kan. 241, 248, 419 P.3d 591 (2018).

Appellate courts exercise unlimited review of legal questions involving the interpretation of the underlying statutes. *Martin*, 308 Kan. at 1350; see also *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017) (applying standard to restitution imposed on defendant sentenced to a hard 25 sentence).

K.S.A. 2019 Supp. 21-6604(b)(1) requires that any restitution ordered in a criminal case must be based on damage or loss caused by the crime. For individuals convicted of burglary under K.S.A. 2019 Supp. 21-5807—as Goertzen was—restitution "shall include the cost of repair or replacement of the property that was damaged." See K.S.A. 2021 Supp. 21-6604(b)(1). The statutory use of "shall" requires the district court here to include the cost of repairing the storage units damaged during the burglary. Goertzen's brief includes no discussion of this statutory language, although she cites *State v. Hunziker*, 274 Kan. 655, 664, 56 P.3d 202 (2002), and acknowledges that the

appropriate amount of restitution is the amount required to "'reimburse[] the victim for the actual loss suffered.'" Ingall's testimony establishes a factual basis for the cost to repair the damaged storage units and plainly supports the decision of the district court.

However, Goertzen contends that the district court is required to determine the fair market value of the damaged property before ordering restitution, and the district court did not do so. It simply awarded the cost of repairs without requiring any evidence of the fair market value of the damaged storage units. Goertzen argues that "[w]ithout evidence of the fair market value, and any deprivation of use of the property at issue, there was no basis for the district court to determine whether restitution in the amount of $3,567.95 was the amount of loss actually suffered." In support of this contention, Goertzen cites *State v. Casto*, 22 Kan. App. 2d 152, 154, 912 P.2d 772 (1996), and states that if property is recovered in a damaged condition and can be repaired to its undamaged condition, the measure of restitution is the reasonable cost of repairs plus a reasonable amount for loss of use of the property while repairs are being made. But when the property cannot be repaired, then the amount of restitution is the difference between the fair market value of the property immediately before it was damaged and the fair market value after it was damaged. "However, *in either situation, the restitution amount should not exceed the reasonable market value . . . immediately before the damage.*" See 22 Kan. App. 2d at 154.

The facts in *Casto* do not involve damages caused during a burglary and are not similar to the present case. In *Casto*, the defendant took the victim's tractor and left it in a creek. The restitution ordered by the district court was for the original purchase price of the seven-year-old tractor, plus the cost to repair it. In *Casto*, our court reversed and remanded, holding that the appropriate measure of damage was the reasonable cost of repair, plus a reasonable amount for the loss of use of the property, and held that the

4

amount of restitution should not exceed the reasonable market value of the property immediately before the damage. 22 Kan. App. 2d at 154.

We do not disagree with the general rule stated in *Castro* and emphasized by Goertzen—restitution should not exceed the reasonable market value of the damaged property. Goertzen does not explain how this general proposition is transformed into a requirement that evidence of fair market value is required before restitution can be awarded. Neither the State nor Goertzen introduced any evidence of fair market value of the storage unit facility or of the individual storage units. There is no suggestion in the evidence that the repair estimate testified to by Ingalls exceeded the fair market value of the damaged property, and Goertzen cites no testimony or other evidence supporting such conclusion.

As summarized by our Supreme Court in *State v. Hall*, 297 Kan.709, 713-14, 304 P.3d 677 (2013):

"As we explain in *State v. Hand*, 297 Kan. 734, 304 P.3d 1234 (2013), the restitution statute's language does not restrict a sentencing judge to awarding only the fair market value as restitution in property crime cases. K.S.A. 21-4610(d). Nor does the statute require the judge to consider the fair market value of the property lost before considering other factors. K.S.A. 21-4610(d). Restitution can include costs in addition to and other than fair market value. *State v. Allen*, 260 Kan. 107, 115-16, 917 P.2d 848 (1996). The appropriate amount is that which compensates the victim for the actual damage or loss caused by the defendant's crime. And the most accurate measure of this loss depends on the evidence before the district court. As long as the requisite causal connection exists, and '"the [district] court's determination of restitution [is] based on reliable evidence"' that '"yields a defensible restitution figure,"' *Hunziker*, 274 Kan. at 660 (quoting *State v. Casto*, 22 Kan. App. 2d 152, 154, 912 P.2d 772 [1996]), we will uphold the district judge's discretionary decision. See *Dickens v. State*, 556 So. 2d 782 (Fla. Dist. App.1990) (trial court best able to determine award that serves goals of

5

restitution; discretion exists to reject fair market value, pursue any other measure of loss that compensates victim)."

Though *Hall* was based on the former restitution statute, K.S.A. 21-4601(d), the Supreme Court's analysis applies equally to the current restitution statute. Like its predecessor statute, K.S.A. 2021 Supp. 21-6604(b)(1) does not require the judge to consider the fair market value of the damaged property before determining restitution. Ingall's testimony establishing the cost to repair the storage units provides reliable evidence and yields a defensible restitution figure. We find no error by the district court in basing the restitution amount on the cost to repair the storage units and uphold its restitution order.

*Does the Kansas restitution scheme violate the right to a jury trial?*

Goertzen asserts that Kansas' restitution statutes violate the Sixth Amendment to the United States Constitution and section 5 of the Kansas Constitution Bill of Rights. See *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). She argues that the restitution statutes violate her right to have a jury determine the damages caused by her crime. Goertzen acknowledges that our Supreme Court has already rejected her argument in *State v. Arnett*, 314 Kan. 183, Syl. ¶¶ 1-2, 496 P.3d 928 (2021), *cert. denied* 142 S. Ct. 2868 (2022). This court is duty-bound to follow *Arnett* and we find no Sixth Amendment violation. See *State v. Cazee-Watkins*, No. 124,030, 2022 WL 5296034, at *4 (Kan. App. 2022) (unpublished opinion), *petition for rev. filed* November 7, 2022.

Affirmed.