No. 70,440

STATE OF KANSAS, *Appellee*, v. RODNEY J. HOOKS, *Appellant.*

(888 P.2d 853)

Opinion filed January 27, 1995.

*Michael H. Dunn,* of Wichita, was on the brief for appellant.

*Peter G. Collins,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: Rodney J. Hooks appeals from the district court's determination that it lacked jurisdiction to hear his motion seeking sentence modification.

Defendant was convicted of 15 felonies, of which five were class A and four were class B. These convictions were affirmed in *State v. Hooks,* 251 Kan. 755, 840 P.2d 483 (1992). Prior to filing his notice of appeal, defendant had sought and obtained sentence modification. No issue relative to sentencing was included in the first appeal. The mandate in the first appeal was filed in the district court on December 3, 1992. On March 9, 1993, defendant filed his second motion to modify (seeking modification of the previously modified sentence). The motion was denied on the ground the court lacked jurisdiction to hear the motion. Defendant appeals from that determination.

The pertinent statute is K.S.A. 1992 Supp. 21-4603(4), which provides:

"(a) Except when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b), at any time within 120 days after a sentence is imposed, after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of

probation or assignment to a community correctional services program by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits and shall modify such sentence if recommended by the Topeka correctional facility unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification.

"(b) If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals."

Interpretation of this same statute was recently before us in *State v. Smith*, 254 Kan. 16, 864 P.2d 1208 (1993). Defendant Smith had been found guilty of multiple felonies on his plea of nolo contendere and was sentenced thereon. His motion for sentence modification was denied. He appealed from the denial of his motion for modification. The Court of Appeals affirmed the district court. *State v. Smith*, No. 65,813, unpublished opinion filed June 14, 1991. The mandate issued on November 6, 1991. Defendant filed a second motion to modify, which the district court denied on the basis it lacked jurisdiction. Defendant appealed therefrom, contending that K.S.A. 1992 Supp. 21-4603(4)(b) applied and that, accordingly, the district court had jurisdiction to modify his sentence for a 120-day period following the issuance of the mandate in his first appeal. In rejecting this contention, we held:

"[D]efendant's first appeal was not a direct appeal of his conviction, but was an appeal from the denial of his first motion to modify. Defendant is attempting to use the mandate affirming the denial of his first motion to modify to open the jurisdictional window under 21-4603(4)(b) for the filing of a second motion to modify. By this rationale, an unlimited number of motions to modify could be filed as long as each successive motion is filed within the 120-day window after receipt of the mandate affirming the trial court's denial of a defendant's most recently filed motion to modify sentence. We believe such a result would be contrary to K.S.A. 1992 Supp. 21-4603(4).

"We conclude the '[e]xcept when an appeal is taken and determined adversely to the defendant as provided in subsection (4)(b)' language in (4)(a) means a direct appeal from the conviction. When there is no such appeal, the window granting a trial court jurisdiction to modify the disposition within 120 days after its imposition closes, and, thereafter, the trial court has no jurisdiction to modify the sentence. Exceptions would only exist as to an illegal sentence, which may be corrected at any time (K.S.A. 22-3504[1]), and a statutorily required recon-

sideration where modification is recommended by the Topeka Correctional Facility.

"The jurisdictional window under 21-4603(4)(b) only opens upon receipt of a mandate on a direct appeal from the conviction which has been decided adversely to the defendant. Thus, as herein, where there is no direct appeal from the conviction and neither of the aforementioned exceptions are present, the trial court has no jurisdiction to hear a motion to modify filed after the expiration of 120 days from the imposition of the original sentence.

"This is a logical construction of the statute. The legislature has granted specific limited jurisdiction to trial courts to modify a disposition in a criminal case. Where there is no legal challenge to the conviction itself, a trial court has, under 21-4603(4)(a), jurisdiction for 120 days to modify the disposition. A defendant may seek sentence modification within that time frame. A defendant appealing his or her conviction is obviously challenging the conviction itself. If successful, there is no need for a defendant to seek modification of the sentence. If the challenge to the conviction is unsuccessful, the legislature grants the trial court jurisdiction for 120 days after receipt of the mandate to modify the sentence imposed on the conviction which has been affirmed. A defendant may, thereby, seek modification of a sentence after the conviction has been affirmed in the appellate process within the statutory time limits." 254 Kan. at 19-20.

In the case before us, Hooks took a direct appeal from his conviction, and that appeal was determined adversely to him. The jurisdictional window provided by 21-4603(4)(b) opened upon receipt of the mandate on that first appeal. The facts that the sentence had been modified prior to the direct appeal on the conviction and that the modified sentence could have been included as an issue in the first appeal are not statutory exceptions to the grant of jurisdiction contained in 21-4603(4)(b). If the legislature had intended to limit the application of the statute to previously unmodified sentences, it could have done so. We conclude the district court erred in holding it lacked jurisdiction to hear defendant's motion seeking sentence modification.

The judgment is reversed, and the case is remanded for further proceedings.