No. 78,586

STATE OF KANSAS, *Appellee*, v. SUSIEANNA D. COOPER, *Appellant*.

(977 P.2d 960)

Opinion filed April 16, 1999.

*J. Brent Getty*, assistant appellate defender, argued the cause, and *Ryan Kipling Elliot*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, were with him on the brief for appellant.

*Doyle Baker*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by defendant Susieanna D. Cooper from an order requiring her to pay $2,500 in medical expenses incurred by Terri Ferris as a condition of probation.

The Court of Appeals held that the trial court had no jurisdiction to order reparation or restitution due to the State's failure to submit an amount of restitution within 30 days of the imposition of sentence as ordered by the trial court. This court accepted review of that issue.

Cooper pled nolo contendere to aggravated battery. Ferris was the victim of that battery. Cooper and Ferris had a verbal confron-

tation at the home of Cooper's boyfriend. Ferris left the home but returned to retrieve personal property left at the home. Ferris banged on the door and windows and broke three windows. Cooper attacked Ferris with a knife, and Ferris suffered cuts to her face, right leg, arms, and stomach.

The trial court sentenced Cooper to 2 years' presumptive probation. The State informed the court it would request restitution, but it did not have the necessary documentation at the time of sentencing to request the specific amount of restitution. Cooper's attorney wanted an opportunity to review the records to determine which of Ferris' injuries were caused by Cooper and which were caused by Ferris herself when she broke the windows.

The State informed the court it would have the documentation to determine the specific amount of restitution within 30 days. The trial court then ordered Cooper to pay restitution, "with that amount to be determined within 30 days." The trial court instructed the State to furnish Cooper's counsel with any documentation supporting restitution. Further, if counsel could not agree on the amount, the court would hold a hearing to determine the amount.

Three days later the State received the documentation from the Kansas Department of Social and Rehabilitation Services (SRS), showing that SRS had paid $4,890.86 in medical expenses. The State, by its own admission, failed to do anything with the notice of expenses from SRS. Nearly 6 months later, SRS requested a copy of the journal entry setting restitution, and the State realized its mistake.

The State then filed a motion requesting that SRS be reimbursed for medical expenses paid by SRS. Cooper responded that restitution was inappropriate for three reasons: (1) The State filed its motion nearly 6 months after the sentencing hearing; (2) it was impossible to tell what part of the medical expenses was due to Ferris' own actions and what part was due to Cooper's actions; and (3) Cooper was disabled, due to a brain stem injury, with an income of only $420 per month from a disability check and, thus, it would be impossible for her to pay her living expenses while making restitution.

The trial court, after hearing statements of counsel and reviewing the SRS documentation (which is not in the record on appeal), held that at least one-half of the medical expenses were attributable to the injuries inflicted by Cooper and ordered Cooper to pay $2,500 as reparation or restitution. Cooper appealed, and a panel of the Court of Appeals held that the trial court lost jurisdiction to modify the sentence due to the passage of time. The panel reasoned that the trial court lost jurisdiction to modify the sentence 120 days after imposition of the original sentence, citing *State v. Hooks*, 256 Kan. 869, 870, 888 P.2d 853 (1995). We note the Kansas Sentencing Guidelines Act applies to this case (effective July 1, 1993); thus, the 120-day callback statute applicable to cases prior to July 1, 1993, is not applicable to this case. See *State v. Miller*, 260 Kan. 892, 926 P.2d 652 (1996). Thus, *Hooks* is not applicable because it dealt with pre-July 1, 1993, convictions.

The panel was persuaded by the possibility that Cooper's probation would be extended beyond the statutory sentence range unless the statutorily mandated reparation or restitution was paid. Thus, the panel held the sentence to be illegal because it did not conform to statutory provisions. We have

"defined an illegal sentence as a sentence imposed by a [1] *court without jurisdiction*, [2] *a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized*, [3] *or a sentence which is ambiguous with respect to the time and manner in which it is to be served.* Carmichael v. State, 255 Kan. 10, 16, 872 P.2d 240 (1994); State v. Ruff, 252 Kan. 625, 628, 847 P.2d 1258 (1993); see State v. Scherzer, 254 Kan. 926, Syl. ¶ 1, 869 P.2d 729 (1994)." (Emphasis added.) *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 (1997).

## K.S.A. 21-4610 provides in part:

"(d) In addition to any other conditions of probation, suspension of sentence or assignment to a community correctional services program, the court *shall* order the defendant to comply with each of the following conditions:

(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable. If the court finds a plan of restitution unworkable, the court shall state on the record in detail

the reasons therefor." (Emphasis added.) See K.S.A. 21-4603d(a)(4) through (a)(9).

The judge did not find that a plan of restitution was unworkable in this case. Rather, he clearly stated that Cooper was responsible for $2,500 of the $4,890.86 in medical expenses incurred by Ferris and that he was making payment of this sum "an additional condition of probation." He also ordered this amount to be paid within the term of Cooper's probation, or her probation would be extended until it was paid. Pursuant to the March 4, 1997, journal entry establishing restitution, the court services officer was to establish a payment schedule for Cooper and the payments would be remitted to SRS.

At sentencing, the trial court had clearly ordered Cooper to pay restitution, with the amount to be determined within 30 days. The State was ordered to furnish documentation to Cooper, and if the parties could not agree on an amount, either party could request a hearing and the court would determine the amount of restitution or reparation to be made.

Cooper was put on notice that she would be required to pay an undetermined amount of restitution and that the court was available to make that decision if she and the State could not agree on the amount. We hold the sentence was not illegal. The trial court has substantial discretion when ordering reparation or restitution. *State v. Hinckley*, 13 Kan. App. 2d 417, 418, 777 P.2d 857 (1989). Here, the trial court could have exercised its discretion, and due to the State's inaction, left the State to pursue its claim in the civil courts. The trial court elected not to do so, which was also within its discretion.

Having held the sentence was not illegal, we further hold the trial court did not abuse its discretion in considering the State's motion for reparation or restitution as mandated by K.S.A. 21-4610. The possibility of extending the probation term beyond the term originally imposed does not make a sentence illegal. While certain provisions of K.S.A. 21-4611 place outside limits on the maximum extension of probation that may be imposed, depending on various factors, K.S.A. 21-4611(c)(4) provides in pertinent part

that "[i]f the defendant is ordered to pay full or partial restitution, the period may be continued as long as the amount of restitution ordered has not been paid." Thus, while Cooper may not have as much time to pay the sum ordered as she would have had if the State had not been dilatory, she knew the maximum sum claimed by SRS, and she knew she would be called upon to pay all or part of that amount from the date she was sentenced. Cooper readily acknowledged at sentencing that she had inflicted part of Ferris' wounds and that she was responsible for the medical expenses she had caused.

The judgment of the Court of Appeals reversing the district court is reversed, and the matter is remanded to the Court of Appeals to consider the remaining issues.