(238 P.3d 744)
No. 102,117

STATE OF KANSAS, *Appellee*, v. MICHAEL HALL, *Appellant*.

Opinion filed August 20, 2010.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, for appellant.

*Jason E. Geier*, assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Steve Six*, attorney general.

Before LEBEN, P.J., PIERRON, J., and BUKATY, S.J.

Pierron, J.: Michael Hall appeals his sentence for aggravated robbery and attempted second-degree murder. Hall claims the district court erred by holding the restitution hearing without his presence. He also argues the court lacked jurisdiction to award restitution after judgment was already pronounced at sentencing. Finally, Hall contends the court erred in sentencing him to an aggravated sentence without putting it before the jury and in sentencing him to an increased sentence based on prior criminal history without putting it before the jury.

Hall was charged with aggravated robbery and two counts of attempted second-degree murder. He pled guilty to aggravated robbery and attempted second-degree murder. He received a sentence of 100 months in prison for aggravated robbery and 59 months in prison for attempted second-degree murder, to run concurrently. The district court ordered Hall to pay restitution, but

left open the amount of restitution, which was to be determined within 30 days.

On March 10, 2009, the restitution hearing was held. Hall was not present at the hearing because he had been transported to the Department of Corrections, but his counsel was present. On appeal, Hall argues that the district court erred by holding the restitution hearing without his presence.

Issues not raised before the trial court cannot generally be raised on appeal. *State v. Warledo*, 286 Kan. 927, 938, 190 P.3d 937 (2008). Constitutional grounds for reversal asserted for the first time on appeal are generally not properly before the appellate court for review. *State v. Gant*, 288 Kan. 76, 82, 201 P.3d 673 (2009).

There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or assignment of a wrong reason for its decision. *State v. Hawkins*, 285 Kan. 842, 845, 176 P.3d 174 (2008).

We believe the facts of this case allow us to consider the issues raised even though they were not raised below.

Under the facts before us it appears that Hall did not give any kind of consent to waive his presence at the hearing. Defense counsel stated, "[A]t this point in time I do not have a waiver from him, a voluntary waiver from him, because I was not aware that he was not here and I can't really waive his presence without him knowing about it."

However, defense counsel asked the court to proceed anyway.

Usually a defendant must be present for all parts of his or her trial and sentencing. See K.S.A. 22-3405. Exceptions can be made if the defendant has specifically waived his or her right to be present either personally to the court or in such way a way that it is

clear from the record the right has been waived by the defendant and not just by defense counsel.

In *State v. Sandstrom*, 225 Kan. 717, 721, 595 P.2d 324 (1979), the court had before it a situation where a defendant did not appear at two posttrial hearings. The court set out the facts and controlling law:

"However, there was nothing to prevent the court from proceeding as it did in the absence of the defendant, provided the defendant has voluntarily absented herself from those proceedings. On the record from the trial court, we have no hesitancy in holding that the defendant did voluntarily waive her right to be present at the two hearings in question. The record before the trial court shows clearly that her counsel, Robert D. Hecht, a competent and able member of the Kansas Bar, advised the court that she had waived her right to be present. The record discloses that, at the time of the hearings, the defendant had been released on bond and was not in custody. There is nothing to show that she was prevented from being present or that she could not have been present had she desired to do so. Furthermore, it is clear from the record that the defendant, at her own request, did not appear at most of the pretrial proceedings and that in each instance Mr. Hecht advised the court that she had waived her right to be present."

Hall's case presents different facts, however, because he was in custody at the time of the restitution hearing. Additionally, defense counsel was not entirely confident when informing the district court that Hall had waived his right to be present.

Regardless, under *Sandstrom* it appears that an attorney may waive the client's right to be present if the client previously consented to that waiver. However, that is not the case here. We must, therefore, vacate the district court's restitution order and require that another hearing be held.

Hall also claims the district court lacked jurisdiction to award restitution after the judgment was pronounced at sentencing. We disagree.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 (2007).

Hall acknowledges that *State v. Cooper*, 267 Kan. 15, 17-19, 977 P.2d 960 (1999), appears to control this case. *Cooper* states that a district court can retain jurisdiction when the court awards restitution at sentencing, but leaves the amount to be determined at a

later date after sentencing. Hall merely argues that *Cooper* was wrongly decided and should be overturned. However, this court is duty bound to follow precedent of the Kansas Supreme Court. *State v. Merrills*, 37 Kan. App. 2d 81, 83, 149 P.3d 869, *rev. denied* 284 Kan. 949 (2007).

Hall also argues that his rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated when the trial court sentenced him to an aggravated sentence without first putting the issue before a jury to determine beyond a reasonable doubt. Hall admits that *State v. Johnson*, 286 Kan. 824, Syl. ¶ 5, 190 P.3d 207 (2008), controls, under which we hold that no constitutional rights were violated in the present case. Hall acknowledges that he wishes to preserve this issue for a potential federal appeal. Because of the controlling authority of *Johnson*, no further discussion of this issue is necessary.

In a similar argument, Hall asserts that his Sixth and Fourteenth Amendment rights were violated when the trial court sentenced him to an increased sentence based on his prior criminal history without first putting the issue before a jury to determine beyond a reasonable doubt. Hall admits that *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002), controls, under which we find no constitutional rights were violated in this case. Hall acknowledges that he wishes to preserve this issue for a potential federal appeal. Because of the controlling authority of *Ivory*, no further discussion of this issue is necessary.

Affirmed in part, restitution order vacated, and case remanded with directions.