No. 101,634

STATE OF KANSAS, *Appellee*, v. DAVID MCDANIEL, *Appellant*.

(254 P.3d 534)

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 2, 2009. Opinion filed July 15, 2011.

*Patrick H. Dunn*, of the Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Don L. Scott*, county attorney, argued the cause, and *Steve Six*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: David McDaniel asks this court to reverse the Court of Appeals' decision affirming the sentence and restitution order imposed by the district court for his conviction of aggravated battery. McDaniel contends that the district court lacked jurisdiction to order restitution and violated his constitutional rights by imposing the highest sentence in the grid box assigned to his offense without the aggravating facts being proved to a jury.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual background and procedural history of this case are straightforward.

McDaniel entered a guilty plea to one count of aggravated battery arising from his involvement in a fight that ended with McDaniel stabbing the victim. McDaniel's presentence investigation report, submitted 9 days before the sentencing hearing, included a restitution amount of $21,269.06, payable to Medicaid for the victim's medical expenses. The record on appeal reflects no request from the victim or the victim's family for restitution.

At the sentencing hearing, the district judge denied McDaniel's request for a nonprison sentence and imposed 34 months' incarceration, the highest presumptive sentence in the grid box corresponding to a severity level 5 felony committed by an individual with a criminal history score of I. When the judge then mentioned the PSI restitution amount, McDaniel objected. The judge then asked if the issue needed to be set for hearing, and counsel for McDaniel and the State agreed to a hearing date approximately 3 weeks in the future. The judge then proceeded with remaining elements of a typical plea colloquy, including recitation of a notice of appeal deadline 10 days after the sentencing hearing.

McDaniel filed his notice of appeal within 10 days of the sentencing hearing.

At the later hearing on the restitution amount, counsel for the State opened his remarks by referring to the proceeding as a "continued" sentencing. There was no contrary statement by McDaniel's counsel or the judge. McDaniel stipulated to a reduced restitution amount of $7,744.26, and the judge entered an order consistent with that stipulation.

DISCUSSION

*Jurisdiction to Set Restitution Amount*

Jurisdiction is a question of law over which this court exercises unlimited review. *State v. Jackson*, 291 Kan. 34, 35, 238 P.3d 246 (2010) (citing *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 [2007]). In addition, this case requires the court to interpret provisions of the Kansas Sentencing Guidelines Act (KSGA). Statutory

interpretation is a question of law, and this court's review is unlimited. *State v. Miller*, 260 Kan. 892, 895, 926 P.2d 652 (1996).

"When courts are called upon to interpret statutes, the fundamental rule governing our interpretation is that 'the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted.' *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 378, 22 P.3d 124 (2001). For this reason, when the language of a statute is plain and unambiguous, courts 'need not resort to statutory construction.' *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007). Instead, '[w]hen the language is plain and unambiguous, an appellate court is bound to implement the expressed intent.' *State v. Manbeck*, 277 Kan. 224, Syl. ¶ 3, 83 P.3d 190 (2004).

"Where a statute's language is subject to multiple interpretations, however, a reviewing court 'may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. [Citation omitted.]' *Robinett v. The Haskell Co.*, 270 Kan. 95, 100-01, 12 P.3d 411 (2000). Generally, courts should construe statutes to avoid unreasonable results and should presume that the legislature does not intend to enact useless or meaningless legislation. *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, 631, 132 P.3d 870 (2006). We ascertain the legislature's intent behind a particular statutory provision 'from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. [Citation omitted.]' *In re Marriage of Ross*, 245 Kan. 591, 594, 783 P.2d 331 (1989); see also *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, Syl. ¶ 2, 69 P.3d 1087 (2003). Thus, in cases that require statutory construction, 'courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof *in pari materia.*' *Kansas Commission on Civil Rights v. Howard*, 218 Kan. 248, Syl. ¶ 2, 544 P.2d 791 (1975)." *Board of Sumner County Comm'rs v. Bremby*, 286 Kan. 745, 754-55, 189 P.3d 494 (2008).

"Sentencing in a criminal proceeding takes place when the trial court pronounces the sentence from the bench." *Jackson*, 291 Kan. at 35 (citing *State v. Garcia*, 288 Kan. 761, 765, 207 P.3d 251 [2009]; *Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 [2007]; *State v. Moses*, 227 Kan. 400, 402, 607 P.2d 477 [1980]). A district judge has no jurisdiction to change a sentence once it is pronounced. *Jackson*, 291 Kan. at 35. An exception exists under the KSGA for modification to correct arithmetic or clerical errors. See K.S.A. 21-4721(i); *State v. Miller*, 260 Kan. 892, 900, 926 P.2d 652

(1996); see also *State v. Anthony*, 274 Kan. 998, 1002, 58 P.3d 742 (2002) ("Without the authority granted by statute, the court has no ability to modify."). Restitution is one of the dispositions authorized by K.S.A. 21-4603d, and it therefore constitutes part of a criminal defendant's sentence. K.S.A. 21-4603d(b)(1).

The first question before us is whether the procedure followed by the district judge in this case ran afoul of these rules governing sentencing jurisdiction.

McDaniel advances two arguments on this question. First, he invokes K.S.A. 22-3424(d) to contend that any hearing on restitution must take place before sentencing. Second, he argues that what occurred in his case was an impermissible change in his sentence after pronouncement from the bench.

K.S.A. 22-3424(d) provides:

"If the verdict or finding is guilty, upon request of the victim or the victim's family and before imposing sentence, the court *shall hold* a hearing to establish restitution. The defendant may waive the right to the hearing and accept the amount of restitution as established by the court. If the court orders restitution to be paid to the victim or the victim's family, the order shall be enforced as a judgment of restitution pursuant to K.S.A. . . . 60-4301 through 60-4304." (Emphasis added.)

McDaniel is correct that the plain language of K.S.A. 22-3424(d) clearly states that a court "shall" hold a hearing to establish restitution before imposing sentence, but this language is limited to situations in which the crime victim or the victim's family requested restitution. We do not have that situation here.

In addition, we agree with the Court of Appeals panel that decided *State v. Bryant*, 37 Kan. App. 2d 924, 163 P.3d 325, *rev. denied* 285 Kan. 1175 (2007), which held that the "shall" used in K.S.A. 22-3424(d) is directory rather than mandatory. *Bryant*, 37 Kan. App. 2d at 930.

As we set forth in *State v. Raschke*, 289 Kan. 911, Syl. ¶ 4, 219 P.3d 481 (2009), the factors that bear on the directory/mandatory question include: (1) legislative context and history; (2) substantive effect on a party's rights versus merely form or procedural effect; (3) existence or nonexistence of consequences for noncompliance;

and (4) the subject matter of the statutory provision. See *State v. Copes*, 290 Kan. 209, 220, 224 P.3d 571 (2010).

Regarding the first factor, there is little legislative history available regarding K.S.A. 22-3424(d). The language at issue was added in 1995 by conference committee amendment. House J. 1995, p. 676. No committee minutes or supplemental notes address the language or its underlying intention.

On the second and fourth factors, we view the language of K.S.A. 22-3424(d) as fixing a mode of procedure rather than affecting the substantial rights of any party. Indeed, each subsection of K.S.A. 22-3424 addresses the process by which the district court shall render judgment and impose sentence. This procedure "secure[s] order, system, and dispatch of the public business." See *Raschke*, 289 Kan. at 922.

Subsection (d) of K.S.A. 22-3424 also does not impose any consequences for a sentencing judge's failure to determine restitution before imposing sentence.

Examination of all of these factors leads us to conclude that K.S.A. 22-3424 is directory, not mandatory. The district judge's failure to require that any hearing on the amount of restitution occur before sentencing in this case did not deprive the district court of jurisdiction.

We now turn to McDaniel's second argument—that the setting of restitution in the second hearing was an impermissible change in his sentence. In McDaniel's view, the restitution ordered at the sentencing hearing was zero, and that amount was later changed to $7,744.26. He relies on the general rule stated in *State v. Trostle*, 41 Kan. App. 2d 98, 201 P.3d 724 (2009), and *State v. Anthony*, 274 Kan. at 1002, *i.e.*, that a court may not alter a sentence after pronouncement. He acknowledges our earlier decision in *State v. Cooper*, 267 Kan. 15, 18-19, 977 P.2d 960 (1999), in which we held that a district judge has discretion to extend the time to set an amount, once restitution was ordered at sentencing; but he asserts that *Trostle* and *Anthony* call *Cooper* into question.

We leave consideration of the substance of McDaniel's criticism and synthesis of *Trostle*, *Anthony*, and *Cooper* for another day, because the facts before us simply do not support an argument that

any change in sentence took place. The district judge's restitution order altered nothing about McDaniel's sentence; it merely completed it. Both sides demonstrated that they understood exactly this fact when they agreed to the timing and subject matter of the later hearing. Functionally, McDaniel got precisely what he now claims to want: a continuation of his sentencing to fill in the only blank left in the court's pronouncement. Although it may have been better practice for the district judge to wait until the later hearing to conclude his usual sentencing colloquy, and he erred in reciting a deadline for notice of appeal that fell between the first and second hearings, we see no prejudice to McDaniel's rights. Indeed, McDaniel got the reward he sought when his counsel lodged the objection to the PSI restitution amount at the sentencing hearing. The functional continuance led to a ⅔ reduction in the amount McDaniel would be expected to pay to reimburse Medicaid.

Given all of the above discussion, we affirm the order of restitution.

*Sentencing to Highest Grid Term*

McDaniel also invokes *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), to argue that he could not be sentenced to the highest presumptive term in the grid box applicable to his offense severity of 5 and criminal history of I without aggravating facts first being proved to a jury. We rejected this argument in *State v. Johnson*, 286 Kan. 824, 849-51, 190 P.3d 207 (2008) (discussing prior Kansas cases, United States Supreme Court decision in *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 [2007]). We decline McDaniel's request to reconsider *Johnson* here, meaning his 34-month prison sentence also is affirmed.

The district court is affirmed. The Court of Appeals is affirmed.