(301 P.3d 340)
No. 107,754

STATE OF KANSAS, *Appellee,* v. ROY HANNEBOHN, *Appellant.*

—

Opinion filed May 3, 2013.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

BEFORE MALONE, C.J., BUSER, J., and ERNEST L. JOHNSON, District Judge Retired, assigned.

MALONE, C.J.: Roy Hannebohn appeals the district court's denial of his motion to file an appeal out of time. Hannebohn was convicted of criminal threat following a guilty plea. At the initial sentencing hearing, the district court ordered restitution but left the amount to be determined at a later time. The district court also notified Hannebohn of his statutory appeal rights and the deadline for filing an appeal. At a subsequent hearing, the district court determined the amount of restitution but did not advise Hannebohn of his right to appeal. Hannebohn later filed a motion to file an appeal out of time, claiming that he mistakenly believed that his court-appointed attorney was pursuing an appeal. The district court denied the motion without hearing evidence on the ground that the court had informed Hannebohn of his appeal rights at the initial sentencing hearing. We conclude the district court erred by summarily denying Hannebohn's motion to file an appeal out of time, and we remand with directions for the district court to hold a hearing and make findings pursuant to *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982).

## FACTS

On July 9, 2010, the State charged Hannebohn with one count of aggravated assault and one count of criminal damage to property. Because Hannebohn was indigent, the district court appointed the

public defender to represent him. On March 31, 2011, following plea negotiations, Hannebohn pled guilty to an amended charge of criminal threat. At the plea hearing, the district court accepted Hannebohn's plea and advised him of his right to appeal any sentence imposed.

The district court held a sentencing hearing on April 29, 2011. Pursuant to the plea agreement, the district court sentenced Hannebohn to 7 months' imprisonment and placed him on probation for 12 months. At the hearing, Hannebohn objected to the amount of restitution being requested by the victim. The district court ordered restitution but left the amount to be determined at a later time. The district court also informed Hannebohn of his right to appeal his sentence by filing a written notice of appeal within 14 days.

The district court held a restitution hearing on September 29, 2011. Both the crime victim and Hannebohn testified at the hearing. After hearing the evidence, the district court ordered restitution in the amount of $2,776.64. But at the conclusion of the hearing, the district court did not advise Hannebohn of his right to appeal.

Several months later, Hannebohn's court services officer informed Hannebohn's counsel that Hannebohn was under the impression that his case was on appeal. Based on this information, counsel followed up with Hannebohn and advised him that, in fact, his case was not on appeal. On February 2, 2012, Hannebohn's counsel filed a motion to file an appeal out of time. The motion stated there was no record at the restitution hearing that either the district court or defense counsel had advised Hannebohn of his right to appeal and that Hannebohn erroneously believed that his case was on appeal.

On February 3, 2012, the district court held a nonevidentiary hearing on the motion. At the hearing, Hannebohn's counsel advised the court that she thought she needed to withdraw in order to be a witness because based upon her notes there was no record that she advised Hannebohn of his right to appeal after the September 29, 2011, restitution hearing. Counsel also noted that the record of the restitution hearing reflected that the district court

did not inform Hannebohn of his right to appeal. The district court found that because it had informed Hannebohn of his appeal rights at the plea hearing and at the initial sentencing hearing, the court was not required to inform Hannebohn of his appeal rights for a third time at the restitution hearing. The district court also found that it was unnecessary to determine whether Hannebohn's appeal deadline began to run after the initial sentencing hearing or after the restitution hearing because "by either count he's out of time so the motion is denied." Hannebohn timely appealed the denial of his motion to file an appeal out of time.

## ANALYSIS

On appeal, Hannebohn claims the district court erred in denying his motion to file an appeal out of time. Specifically, Hannebohn argues that the district court should have informed him of his appeal rights and the deadline for filing an appeal at the conclusion of the restitution hearing and the district court's failure to do so falls under the first *Ortiz* exception for allowing an appeal to be filed out of time. Hannebohn also argues that he was furnished an attorney to file an appeal but the attorney failed to perfect and complete the appeal, and this failure falls under the third *Ortiz* exception. The State simply notes that the district court advised Hannebohn of his appeal rights at the plea hearing and at the initial sentencing hearing and it was unnecessary for the district court to notify Hannebohn of his appeal rights a third time at the restitution hearing.

"The facts underlying an *Ortiz* exception ruling should be examined on appeal under a substantial competent evidence standard of review. The ultimate legal determination of whether those facts fit the exception should be reviewed under a de novo standard." *State v. Phinney*, 280 Kan. 394, 404, 122 P.3d 356 (2005).

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Gill*, 287 Kan. 289, 293-94, 196 P.3d 369 (2008). K.S.A. 2012 Supp. 22-3608(c) provides that for crimes committed

on or after July 1, 1993, the defendant shall have 14 days after the judgment of the district court to appeal. Hannebohn failed to file a notice of appeal within 14 days after either the original sentencing hearing on April 29, 2011, or the restitution hearing on September 29, 2011.

The filing of a timely notice of appeal is jurisdictional, and any appeal not taken within the statutory deadline must be dismissed. A limited exception to this general rule is recognized in those cases where an indigent defendant either (1) was not informed of the right to appeal, including the appeal filing deadline; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal. *State v. Patton*, 287 Kan. 200, Syl. ¶ 3, 195 P.3d 753 (2008); *Phinney*, 280 Kan. at 401 (citing *Ortiz*, 230 Kan. at 735-36). But if any of these narrow exceptional circumstances are met, a court must allow an appeal out of time. *Phinney*, 280 Kan. at 401-02.

Here, the district court did not expressly address the three *Ortiz* exceptions in denying Hannebohn's motion to file an appeal out of time. Instead, the district court simply found that because it had informed Hannebohn of his appeal rights at the plea hearing and at the initial sentencing hearing, the court was not required to inform Hannebohn of his appeal rights for a third time at the restitution hearing. The district court also found that it was unnecessary to determine whether Hannebohn's appeal deadline began to run after the initial sentencing hearing or after the restitution hearing because he was out of time in either case.

Before addressing whether the district court erred in denying Hannebohn's motion to file an appeal out of time, we will review some general principles of criminal procedure concerning a defendant's right to appeal from a final judgment in district court. K.S.A. 2012 Supp. 22-3424 sets forth the procedure for the district court to render judgment and impose sentence, including the assessment of restitution as part of the sentence. K.S.A. 2012 Supp. 22-3424(d) provides:

"If the verdict or finding is guilty, upon request of the victim or the victim's family and before imposing sentence, the court shall hold a hearing to establish restitution. The defendant may waive the right to the hearing and accept the

amount of restitution as established by the court. If the court orders restitution to be paid to the victim or the victim's family, the order shall be enforced as a judgment of restitution pursuant to K.S.A. 60-4301 through 60-4304."

The Kansas Supreme Court has held that under this statute a district court is permitted to hold a hearing to determine the amount of restitution after the initial sentencing hearing, provided restitution was ordered at the initial sentencing hearing. In *State v. Cooper*, 267 Kan. 15, 977 P.2d 960 (1999), the defendant pled no contest to aggravated battery, and the district court sentenced the defendant to 2 years' presumptive probation. At the sentencing hearing, the State informed the district court that it would request restitution, but it did not have the necessary documentation at that time to provide the specific amount of restitution. The district court ordered the defendant to pay restitution, with the amount " 'to be determined within 30 days.' " 267 Kan. at 16. Nearly 6 months later, the State filed a motion to determine the appropriate amount of restitution. Over the defendant's objection, the district court held a hearing and ordered restitution in the amount of $2,500.

On appeal, the defendant argued that the restitution order constituted an illegal sentence because the district court had lost jurisdiction to order restitution beyond 30 days after the initial sentencing. The Supreme Court held the sentence was not illegal, because the district court had put the defendant on notice at the sentencing hearing that she would be required to pay an undetermined amount of restitution. 267 Kan. at 18. The Supreme Court further held that the district court did not abuse its discretion by holding the restitution hearing beyond the initial 30-day deadline. 267 Kan. at 18-19.

In *State v. McDaniel*, 292 Kan. 443, 254 P.3d 534 (2011), the defendant pled guilty to one count of aggravated battery. Shortly before the sentencing hearing, a presentence investigation report was filed, which included a restitution amount of $21,269.06. At the sentencing hearing, the district court pronounced a sentence of 34 months' imprisonment. But when the defendant objected to the restitution amount, the district court ordered restitution to be determined at a later date. At the close of the sentencing hearing,

the district court informed the defendant that if he wished to appeal, he was required to file a notice of appeal within 10 days (under the then-applicable version of K.S.A. 22-3608[c]) after the sentencing hearing. Several weeks later, the district court held a restitution hearing and ordered restitution in the amount of $7,744.26 based on the stipulation of the parties.

On appeal, the defendant challenged the district court's jurisdiction to set the restitution amount. The defendant first argued that 22-3424(d) required the district court to hold the restitution hearing before the sentence was imposed and not at a later hearing. The defendant also argued that the restitution ordered at the original sentencing hearing was zero and that the amount was later changed at the restitution hearing to $7,744.26, in violation of the rule that a court may not alter a sentence after pronouncement. See *State v. Anthony*, 274 Kan. 998, 1002, 58 P.3d 742 (2002) (district court has no authority to modify sentence).

In rejecting the defendant's argument, the Supreme Court first noted that restitution constitutes part of a criminal defendant's sentence. *McDaniel*, 292 Kan. at 446. The Supreme Court also determined that the language in 22-3424(d) stating that the court shall hold a restitution hearing before imposing sentence is directory rather than mandatory. 292 Kan. at 446-47. The Supreme Court further determined that the district court did not impermissibly *modify* the defendant's sentence by ordering restitution at the later restitution hearing; rather, the restitution order *completed* the sentence. 292 Kan. at 448. The Supreme Court went on to state:

"Although it may have been better practice for the district judge to wait until the later [restitution] hearing to conclude his usual sentencing colloquy, *and he erred in reciting a deadline for notice of appeal that fell between the first and second hearings*, we see no prejudice to [the defendant's] rights." (Emphasis added.) 292 Kan. at 448.

The Supreme Court's statement that the district court erred in reciting a deadline for the notice of appeal that fell between the initial sentencing hearing and the subsequent restitution hearing is dicta because it was not central to the holding that the defendant's sentence was not impermissibly modified. Nevertheless, the *McDaniel* dicta clearly supports the proposition that a district court

should inform the defendant of his or her appeal filing deadline at the time sentencing is completed, and not at any earlier time.

When the district court imposes a sentence but orders the amount of restitution to be determined at a later time, confusion often arises as to when the defendant should attempt to appeal the sentence, especially when the district court advises the defendant of an appeal deadline at the initial sentencing hearing. Because criminal defendants understandably want to ensure they do not lose any appeal rights, they often file a notice of appeal after the initial sentencing hearing but before the district court determines the amount of restitution. But such a notice of appeal is premature because it is filed before the sentence has been completed and before the judgment is final in district court.

*McDaniel* makes it clear that restitution is part of a defendant's sentence and a restitution hearing conducted by the district court after a sentencing term is imposed "complete[s]" the defendant's sentence. 292 Kan. at 446, 448. Generally, an appellate court's jurisdiction is limited to a final judgment. K.S.A. 2012 Supp. 22-3601(a). To have a final judgment in a criminal case, the defendant must be convicted and sentenced. *State v. Howard*, 44 Kan. App. 2d 508, 511, 238 P.3d 752 (2010). Because the restitution hearing completes the defendant's sentence and renders the judgment final, no appeal can be filed in a criminal case when the amount of restitution has been held open until the district court determines the proper amount of restitution and the judgment becomes final. See *Gates v. Goodyear*, 37 Kan. App. 2d 623, 627, 155 P.3d 1196, *rev. denied* 284 Kan. 945 (2007) (notice of appeal must specify judgment being appealed).

Likewise, a defendant may not file a notice of appeal after the district court imposes a partial sentence and then file a subsequent notice of appeal after the district court later determines the amount of restitution. The district court's judgment is not final until the amount of restitution has been determined. There is one, and only one, deadline to file a notice of appeal from the district court's final judgment. Kansas has a clear policy against piecemeal appeals. *Kansas Medical Mut. Ins. Co. v. Svaty*, 291 Kan. 597, 616, 244

P.3d 642 (2010); *State v. Neer*, 247 Kan. 137, 140, 795 P.2d 362 (1990).

To sum up, Kansas district courts should follow the proper procedure when sentencing a criminal defendant in a felony case and ordering restitution to be determined at a later hearing. First, because the sentencing is not complete until the district court determines the amount of restitution, the district court should refrain from notifying the defendant of his or her deadline to file an appeal at the initial sentencing hearing. As our Supreme Court stated in *McDaniel*, the district court errs in reciting a deadline for a notice of appeal that falls between the initial sentencing hearing and the subsequent restitution hearing. 292 Kan. at 448.

Next, the district court should hold the restitution hearing as soon as possible so that the defendant's sentence can become a final judgment. Because restitution is part of a defendant's sentence, the amount of restitution must be determined and imposed in open court in the defendant's presence, unless the defendant voluntarily waives his or her presence. See K.S.A. 22-3405. Even if the parties ultimately stipulate to the amount of restitution, the better practice is for the parties to return to court so the district court can impose the restitution and complete the sentencing.

Finally, at the completion of the restitution hearing, the district court should notify the defendant of his or her appeal rights, including the deadline for filing the appeal. See K.S.A. 2012 Supp. 22-3608(c). To avoid confusion, the better practice would be for the parties to delay filing the journal entry of judgment until after the restitution hearing is completed and the district court's judgment is final.

We will now turn to whether the district court erred in denying Hannebohn's motion to file an appeal out of time. Hannebohn argues that the district court should have informed him of his appeal rights and the deadline for filing an appeal at the conclusion of the restitution hearing and the district court's failure to do so falls under the first *Ortiz* exception for allowing an appeal to be filed out of time. Hannebohn also argues that he was furnished an attorney to file an appeal but the attorney failed to perfect and complete the appeal and this failure falls under the third *Ortiz*

exception. Hannebohn does not argue that the second *Ortiz* exception applies to his case.

*First* Ortiz *exception*

On appeal, Hannebohn argues that the district court erred in failing to grant his motion under the first *Ortiz* exception. Relying on *McDaniel*, Hannebohn contends that restitution is a part of the sentence and therefore the district court was required to inform him of his right to appeal his sentence when the amount of the restitution was determined. Because it is undisputed that the district court failed to do so, Hannebohn contends that he has raised a colorable claim under the first *Ortiz* exception.

We agree that the better practice would have been for the district court to advise Hannebohn of his appeal rights at the restitution hearing and the district court's statement at the initial sentencing hearing that the deadline for filing an appeal was 14 days from that hearing was an error that implicates the first *Ortiz* exception. The district court's sentencing order was completed and became a final judgment when the specific amount of restitution was ordered on September 29, 2011. Hannebohn had one, and only one, deadline to file a notice of appeal from the district court's final judgment, and that deadline was 14 days after the restitution hearing was completed on September 29, 2011.

In *Patton*, our Supreme Court laid out the framework for evaluating claims under the first *Ortiz* exception. First, the defendant bears the burden of showing that the district court failed to inform the defendant of his or her right to appeal at sentencing. Second, if the record reveals that the district court did not adequately inform the defendant, the State may still prevent an untimely appeal by showing that the defendant possessed actual knowledge of the required information. Third, if the State cannot meet this burden, the defendant must prove that if he or she had been properly informed, a timely appeal would have been sought. *Patton*, 287 Kan. at 220-22.

Here, it is undisputed that the district court failed to inform Hannebohn of his appeal rights and the deadline for filing an appeal at the restitution hearing, when the sentencing order was com-

pleted. But there is no evidence upon which the district court could determine whether Hannebohn had adequate independent knowledge of his appeal rights or whether he would have timely appealed had he known of his appeal rights. Thus, we must remand this case for the district court to hold a hearing and make findings of fact and conclusions of law, consistent with *Patton*, as to whether Hannebohn should be permitted to file an out-of-time appeal under the first *Ortiz* exception.

*Third* Ortiz *exception*

Hannebohn also argues that the district court erred in denying his motion to file an appeal out of time without addressing the third *Ortiz* exception or making the relevant factual findings. The third *Ortiz* exception is implicated when the defendant is furnished counsel for the purpose of filing an appeal and counsel fails to perfect and complete an appeal. When this occurs, *Ortiz* relief will be granted if the defendant demonstrates that, but for counsel's failure, he or she would have taken a timely appeal. *Patton*, 287 Kan. at 225.

Here, it is undisputed that Hannebohn was furnished counsel who failed to file a direct appeal, either after the original sentencing hearing or the later restitution hearing. Once again, there is no evidence upon which the district court could determine whether Hannebohn would have timely appealed but for counsel's failure to file an appeal. Thus, we conclude that upon remand the district court also must make findings of fact and conclusions of law, consistent with *Patton*, as to whether Hannebohn should be permitted to file an out-of-time appeal under the third *Ortiz* exception.

Reversed and remanded with directions.