NOT DESIGNATED FOR PUBLICATION

No. 116,054

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHAD JOSEPH KAMMERER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed June 9, 2017. Reversed and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*: Chad Joseph Kammerer appeals an order of the district court amending its restitution orders in his criminal case. Kammerer argues that the court did not have jurisdiction to order additional restitution because it had already concluded its prior sentencing hearing. We believe Kammerer is correct and accordingly reverse the district court and remand with instructions to vacate the amended restitution order.

1

On December 15, 2015, Kammerer entered a plea of no contest to two counts of felony residential burglary, two counts of felony burglary, two counts of felony theft, one count of misdemeanor criminal damage to property, and one count of misdemeanor possession of drug paraphernalia. As part of his plea agreement with the State, Kammerer promised to "be responsible for restitution joint and several with the co-defendants."

On January 26, 2016, the district court held a sentencing hearing. At the hearing, Kammerer's attorney noted that under the plea agreement Kammerer "would be joint[ly] and severally responsible for restitution, not only in this case but in another felony case which was dismissed." The State requested "full restitution to both victims in this case as well as any dismissed case." Kammerer was charged in an eight-count complaint. Counts 1-4 specifically named James Schicke as a victim, and counts 5-7 specifically named the Harris family as victims. Count 8 dealt with a drug charge.

At the sentencing hearing, the State specifically asked for $2,000 in restitution to be paid to Skylar Rail and $42,075.38 to be paid to the Harris family. The district court ordered Kammerer to pay "restitution in the amount that was requested." But the court informed Kammerer's counsel that if restitution became an issue, counsel should let the court know and a restitution hearing would be held. Kammerer's counsel noted that a restitution hearing may be necessary to determine whether the amount ordered took into account the value of items that were returned to the victims. The sentencing journal entry of judgment, filed March 8, 2016, listed that restitution was to be paid as follows:

| Amount | Name and Address |
|---|---|
| $ 42,075.38 | Danny and Beverly Harris |
| $ TBD | James Schicke |
| $ 2,000 | Skylar Rail |

On February 3, 2016, the State filed a motion to modify Kammerer's sentence. The State noted that the original amount of restitution ordered failed to include restitution requested by one of the victims, Schicke. To support its position, the State attached Schicke's victim impact statement to its motion as an exhibit. Schicke had originally filed his victim impact statement with the court on November 5, 2015. The State also requested that $7,920.08 of the Harrises' $42,075.38 award be ordered payable to Kansas Mutual Insurance Company, which insured the Harris family.

On February 9, 2016, Kammerer filed a notice of appeal, indicating that he was taking appeal from "the certain rulings of the District Court . . . entered herein on the 26th day of January, 2016, sentencing the defendant to a term of 49 months for Count I and 32 months for Count II . . . and all previous rulings and orders on all issues relating decided therein."

On February 16, 2016, Kammerer appeared pro se at a hearing on the State's motion to modify. The State specifically requested that the restitution order be amended to add an additional $10,726 payable to Schicke and his insurance company. The district court appointed counsel to Kammerer and set a motion hearing for March 8, 2016. On March 8, 2016, the court continued the hearing to March 29, 2016, "to determine the amount of restitution." At the March 29, 2016, hearing, the district court noted that there was an issue relating to restitution. The court continued the hearing to May 10, 2016, but announced that that the hearing would not be necessary if the parties were able to reach an agreement on the amount of restitution.

On April 12, 2016, the district court entered an amended restitution order. The order awarded Schicke restitution in the amount of $3,096.45 and Farm Bureau Property and Casualty Insurance Company restitution in the amount of $6,629.55. The total restitution awarded in the amended order was $9,726, exactly $1,000 less than the

amount requested by the State at the motion hearing on February 16, 2016. The amended order was approved and signed by Kammerer's attorney.

Kammerer filed his notice of appeal on February 9, 2016. Kammerer's argument implies that in his opinion, the notice of appeal is timely because the district court's order was final on January 26, 2016, and he filed the notice within 14 days of the order. But if we base the timeliness of the notice of appeal on the amended restitution order, it is clear that Kammerer's notice of appeal was premature. Even so, the notice of appeal is timely based on the rule from *State v. Hall*, 298 Kan. 978, Syl. ¶ 4, 319 P.3d 506 (2014), that

> "[i]n a criminal matter, a notice of appeal that seeks review of a conviction and a sentencing yet to be completed lies dormant until the final judgment including the complete sentence is pronounced from the bench, at which point the notice of appeal becomes effective to endow the appellate court with subject matter jurisdiction."

Thus, either way, Kammerer filed a timely notice of appeal.

ANALYSIS

Kammerer argues that his sentencing concluded on January 26, 2016. Based upon this, he contends the district court had no jurisdiction to impose additional restitution on April 12, 2016. Kammerer concludes that the district court's amended restitution order is an illegal sentence, which this court must vacate. Kammerer's argument is based almost entirely on *Hall*.

Whether a court has jurisdiction is a question of law over which appellate courts exercise unlimited review. *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015), *cert. denied* 136 S. Ct. 1364 (2016). "'Sentencing in a criminal proceeding takes place when the trial court pronounces the sentence from the bench.' [Citation omitted.] Once a legal sentence has been pronounced from the bench, the sentencing court loses subject matter

4

jurisdiction to modify that sentence except to correct arithmetic or clerical errors. [Citations omitted.]" *Hall*, 298 Kan. at 983.

Restitution is a part of a criminal defendant's sentence. *Hall*, 298 Kan. at 983 (citing *State v. McDaniel*, 292 Kan. 443, 446, 254 P.3d 534 [2011]). "[B]ecause restitution constitutes a part of a defendant's sentence, its amount can only be set by a sentencing judge with the defendant present in open court." 298 Kan. at 986. But if the amount of restitution owed is not available when the initial sentencing hearing occurs, the district court is authorized to retain jurisdiction to determine the proper amount at a later time. See 298 Kan. at 986 ("Restitution may be ordered on one date and the amount set on another."). In order to keep the sentencing hearing open and consider restitution at a later date, the court is not required to use any "magic words" to indicate it is continuing jurisdiction, but the expected practice for a district court is to give "an explicit and specific order of continuance for the purpose of determining the amount of restitution." 298 Kan. at 986-87. If the issue of restitution is properly held open, the defendant's sentence is not final until the amount of restitution is determined. 298 Kan. at 986.

Here, the district court held a sentencing hearing on January 26, 2016. At that hearing, the court ordered restitution to be paid in the amount requested by the State to victim Rail in the amount of $2,000 and to the Harris victims in the amount of $42,075.38, but then added: "If that becomes an issue . . . we'll have a restitution hearing." At that point Kammerer's counsel replied: "We may, because I don't know if that takes into account the returned items." No mention whatsoever was made by the district court as to the amount of restitution due or potentially due to victim Schicke.

This ambiguous colloquy between the district court and defense counsel, apparently as to potential restitution to the Harris family, seems to indicate that restitution *might* still be at issue and it was *possible* that another hearing for the Harrises would be needed. But neither the State nor defense counsel asked that the sentencing hearing be

continued to a later date for consideration of unresolved restitution issues. More crucially, the district court entered no specific order of continuance to a date certain for consideration of restitution issues concerning either the Harrises or Schicke, commenting only that a restitution hearing would be held "[i]f that becomes an issue."

The confusion surrounding restitution in the case was further compounded by the sentencing journal entry of judgment, filed March 8, 2016, which failed to list anything under "Sentencing Date"—again implying that sentencing was not yet complete. The journal entry also contained the notation that Schicke was due restitution in an amount "TBD"—to be determined.

The State argues that Kammerer's plea deal plainly stated that he agreed to be responsible for restitution to all victims. The complaint filed against Kammerer expressly stated that Schicke was a victim of Kammerer's crimes. Schicke also filed a victim impact statement on November 5, 2015, detailing his claim for restitution. Despite this, the transcript of the sentencing hearing on January 26, 2016, indicates the State never mentioned restitution to Schicke during the hearing, and the district court did not order it.

Based upon the rationale of *Hall*, the State contends that these facts indicate the district court retained jurisdiction after January 26, 2016, to address unresolved restitution issues. See *Hall*, 298 Kan. at 987. Thus, despite the fact that the court could have and should have been much more explicit, the State believes it sufficiently held sentencing open for a later determination of the amount of restitution owed.

In contrast, Kammerer's entire argument is based on the assertion that his sentencing was concluded on January 26, 2016, and the district court did not have jurisdiction to modify restitution after that date.

Kammerer does not argue that the procedure surrounding the district court's amended restitution order was deficient under *Hall*. As such, he has abandoned that argument. See *State v. Frierson*, 298 Kan. 1005, 1021, 319 P.3d 515 (2014) (defendant abandoned argument that procedure violated right to be present when restitution was decided). Still, we acknowledge that the issues surrounding how the amended restitution order came to be could have been easily avoided had either party or the court taken the time to designate the record. Instead, the district court failed to address how it arrived at the amount of restitution it awarded in the amended order, though it is clearly connected to the amount requested in the State's motion to modify Kammerer's sentence. Furthermore, the order predates the motion hearing that was scheduled for May 10, 2016. Kammerer does not offer any explanation for this discrepancy, as his argument does not call for one. The State, however, opines that "[t]he complete case history indicates this order memorialized the result of a hearing that is not in the record."

The State's assertion that a hearing was held is not supported by the record. A more likely explanation is that the amount of restitution awarded in the amended order was the result of an agreement between Kammerer and the State. On March 29, 2016, the district court noted at the hearing on the State's motion to modify that there was an issue relating to restitution. Kammerer's attorney then requested that a restitution hearing be set. The court announced that it was setting a hearing for "May 10th at 1:30 *unless the parties can reach an agreement on the amount of restitution*." (Emphasis added.) On April 12, 2016, the district court entered its amended restitution order. The order was signed by Kammerer's attorney. The parties and the court should have been more diligent in designating their actions in the record. Though it is less than clear, we can glean from the sparse record that the additional restitution was the result of an agreement between Kammerer and the State, approved by Kammerer through his counsel's signature on the order.

But the ultimate issue in the case boils down to this question: Was the sentencing hearing of January 26, 2016, properly continued by the district court in order to allow later consideration of lingering restitution issues, or was jurisdiction lost because of the ambiguous language with which the district court concluded the hearing on that date?

As we noted above, in *Hall* and its predecessor cases our Supreme Court has held that no magic words are necessary utterances by a district court to hold over restitution issues for future consideration. In fact, in these cases our high court has clearly bent over backwards by examining the entire record to determine the validity of restitution orders. This is true even when the district court's attempted preservation of those issues was imprecise at best.

In *Hall*, the Supreme Court gave forewarning that it would no longer accept vague language by a sentencing court which might act as a "functional continuance" of the sentencing hearing:

> "In the past, judges have often spoken in terms of 'holding jurisdiction open' for some period or have used some variation of that phrase. Such language, combined with a later order of an amount certain of restitution, has acted under [*State v.*] *Cooper*[, 267 Kan. 15, 997 P.2d 960 (1999),] as a functional continuance of the defendant's sentencing hearing. *In the future, the expected practice for a sentencing judge will be an explicit and specific order of continuance for the purpose of determining the amount of restitution or whatever other aspect of sentencing remains incomplete*." (Emphasis added.) *Hall*, 298 Kan. at 987.

But in its *Frierson* decision, filed on the same date as *Hall*, our Supreme Court gave even more indication of its frustration with having to repeatedly construe loose language of district courts at sentencing hearings when the court wished to preserve issues, including restitution, for later hearing. In a very plain warning to the bench and

8

criminal trial bar, the court announced that it intended to take a dim view of such ambiguity in the future:

> "In *Hall*, we noted that in the past under *State v. Cooper*, 267 Kan. 15, 17-19, 997 P.2d 960 (1999), there have been no "'magic words'" required to continue a sentencing from one hearing to another and that subsequent orders of restitution entered without further hearing had been treated as fully authorized under the district court's subject matter jurisdiction and in the district judge's discretion. [Citation omitted.] *But such continuances or bifurcations of sentencings cannot be treated so casually in the future. In sentencings that occur after today, if a district judge is in need of additional information to set restitution or decide any other aspect of the sentence to be handed down, the judge should explicitly order a continuance or bifurcation of the hearing.* [Citation omitted.]" (Emphasis added.) *Frierson*, 298 Kan. at 1021.

Unlike our case, the district courts in both *Hall* and *Frierson* had explicitly held open jurisdiction following sentencing, and the parties agreed on a 30-day extension of time to put a restitution order in place. In *Hall,* a subsequent hearing was held to establish the amount of restitution. In *Frierson*, the order itself was signed by defense counsel and entered within the planned time frame. Under the more relaxed standards observed by the Supreme Court at that time the high court noted "we are satisfied that the spirit, if not the letter, of the procedure we set out for future cases in *Hall* was satisfied." *Frierson*, 298 Kan. at 1021. But the Supreme Court made it quite plain that it expected strict adherence to the practice of explicitly ordering continuances or bifurcations of sentencing hearings in future cases if jurisdiction was to be preserved.

*Hall* and *Frierson* were filed nearly 2 years before Kammerer's sentencing. Though the district court made a passing reference that it was willing to do a future restitution hearing, it is abundantly clear that this pronouncement falls far short of the *Hall/Frierson* requirement that "the judge should explicitly order a continuance or bifurcation of the hearing."

9

In short, we believe that the district court failed to take the mandatory steps to preserve jurisdiction for resolution of restitution issues and, therefore, its orders after January 26, 2016, were entered without authority. By extension, this means that the State's motion to modify sentence by clarifying restitution for the Harrises and adding a restitution figure for Schicke should not have been taken up or ruled upon by the district court because it had lost jurisdiction to consider such a motion or deal with the restitution issues raised by the motion.

Finally, the State argues that "[b]ecause the district court has jurisdiction to correct such error via a nunc pro tunc at any time, the court's entry of an order clarifying the proper amount of restitution was proper." We only discuss the State's argument to acknowledge that K.S.A. 22-3504(2) is not the proper avenue for modification of Kammerer's sentence as this was not an issue of a clerical mistake or simple error of oversight or omission. The State specifically requested restitution on behalf of two victims at the original sentencing hearing. The only error of oversight or omission was on behalf of the State failing to specifically request restitution for Schicke at that hearing.

In conclusion, we are persuaded that by failing to explicitly continue or bifurcate the sentencing hearing on January 26, 2016, the sentencing hearing became final on that date. Hence the district court lost future jurisdiction over restitution issues, and any orders concerning restitution determined past the sentencing date, including the revised sentencing order of April 12, 2016, must be set aside and vacated.

Reversed and remanded for proceedings consistent with this decision.

\* \* \*

LEBEN, J., concurring: I join in the court's opinion, but wish to add one additional point—that to the extent the transcript of the initial sentencing hearing could be read to

10

leave some issue open regarding restitution, it left open only the possibility of *lowering* the restitution amount, not *increasing* it.

After the State had requested restitution of $2,000 to Skylar Rail and $42,075.38 to the Harris family, the court said it was going to order restitution in those amounts, but "[i]f that becomes an issue . . . we'll have a restitution hearing." Since the court was indicating preliminary approval of the State's request, any issue would have to come from the defense. Defense counsel then suggested that there might a potential issue regarding possible *reduction* of the requested restitution amounts if it turned out that credits hadn't been given for some items stolen but later recovered. As defense counsel put it, "We may [need a hearing,] because I don't know if that takes into account the returned items." The State made no suggestion at that hearing that it might later seek any additional or increased amounts.

So to the extent that the district court left something open, it left open the possibility that the restitution amount would be decreased to reflect credits for stolen-but-recovered items. There simply is no way, consistent with *State v. Hall*, 298 Kan. 978, Syl. ¶ 2, 319 P.3d 506 (2014), to conclude that the district court specifically left open the possibility of ordering some increase in the amount of restitution at a later hearing.

11